# JULY TERM, 1862, AT LANSING.

### Henry Barman v. James Carhartt.

Where one guarantees the collection of a note which is secured by a collateral mortgage referred to in it, and at the same time assigns the mortgage with the note, he is not liable upon his guaranty until resort has been had to the mortgage as well as to the note for the collection of the moneys secured.

A sheriff's deed by itself is no evidence of a regular and legal foreclosure of a mortgage by advertisement under the statute.

On case made after judgment for review upon the facts, the Supreme Court cannot send the case back for a new trial.

*Heard July 9th, 1861. Decided July 10th.*

Case made after judgment from Lapeer Circuit.

Action upon the guaranty of a note. To maintain his action, Barman gave in evidence the note in the following words:

"Six months after date for value received I promise to pay to James Carhartt or bearer, two hundred dollars, with use: to secure the above payment I have this day executed a mortgage to said Carhartt.

Hadley, Sept. 11, 1855. ' *J. H. Houghtaling.*"

Upon the back of which was the following:

"I hereby guaranty the collection of the within note. *James Carhartt.*"

The plaintiff then also gave in evidence the mortgage mentioned in the note, and which covered certain land in Lapeer county. Also a sheriff's deed, purporting to be given upon the foreclosure of said mortgage by advertisement under the statute, in which it is recited that the land was sold for $100. Also a judgment rendered by a justice of the peace against Houghtaling on said note, for

the amount thereof after deducting said $100, and execution thereon returned unsatisfied. He also introduced evidence to show that the guaranty of the note was given by Carhartt directly to plaintiff, in consideration of a horse then sold and delivered to him, and that at the same time Carhartt assigned to him the note and mortgage. Also evidence tending to show that Houghtaling was wholly irresponsible, and had no property except the land covered by the mortgage. There was no other evidence in the case.

Upon this evidence the Circuit Court rendered judgment for plaintiff for the amount of the judgment rendered by the justice, and interest thereon.

*M. Wisner*, for defendant:

Plaintiff must have exhausted his remedy upon both the note and the mortgage before he can sue upon the guaranty: 4 *Cow.* 173; 1 *Cow.* 98; 8 *Mich.* 51; 11 *Wend.* 629; 2 *Hill*, 139; 11 *Paige*, 28. The assignment of the mortgage was contemporaneous with the making of the guaranty upon the note, and the two instruments should be construed as one. 3 *Wend.* 233. The guaranty simply means that the note, with all its collaterals, is collectable; and that the guarantor will pay the same after all legal remedies have been resorted to against the maker, and failed. 11 *Wend.* 231; 1 *Wend.* 457.

The sheriff's deed, by itself, was no proof of a regular foreclosure of the mortgage.

*M. E. Crofoot* and *C. I. Walker*, for plaintiff:

The collection of the note alone was guaranteed: there is in the contract no guaranty of the mortgage.—4 *Wis.* 190. It was therefore not necessary to foreclose it, before bringing suit upon the guaranty. Plaintiff is not obliged to first exhaust all possible remedies. See 11 *Wend.* 629; 8 *Mich.* 51.

BARMAN *v.* CARHARTT.

CAMPBELL J.:

The only question of importance in this case is, whether under the guaranty of collection the guarantor could be held until resort had been made to the mortgage which was given as collateral to the note and referred to in it.

By this mortgage a special fund was set apart, out of which, so far as it went, the holder of the note had secured to him the means of collecting it. We do not think it reasonable to assume that, in any such case, a guaranty of collection refers merely to the personal responsibility of the debtor. When with the guaranty itself the guarantor furnished the means of obtaining payment, in whole or in part, and those means have been attached to the debt itself, and cannot be severed from it, the parties must be held to look to the entire transaction, and to contemplate a resort to those means. Any other rule would be at variance with the object of such securities. Although a mortgage is in a strict sense merely collateral to a debt, yet it is generally regarded as forming its chief value, and persons usually contract with that idea. A person guaranteeing the collection of such a debt, and assigning the mortgage with it, must, we think, be held to contemplate a collection by means of the mortgage, and not to anticipate that he will be looked to until the creditor has resorted to that.

The sheriff's deed is no evidence of a regular or legal foreclosure. The guarantor has a right to have the proper steps taken in due form of law, in order that bidders may be safe in purchasing, and that the property may not be sacrificed. The regularity of the proceedings becomes important, therefore, in determining the responsibility of the guarantor; and the sheriff's deed is no more evidence of it than an execution is of the proceedings to obtain judgment. The statute requisites must be shown to have been complied with so as to make the sale lawful.

BARMAN v. CARHARTT.

The judgment below must be reversed, with costs in both Courts.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. was absent.

*Mr. Walker* asked that the Court remand the cause for a new trial, that the plaintiff may have an opportunity to prove the correctness of the foreclosure proceedings.

But the Court held that, on the decision of a case made after judgment for review upon the facts, a new trial could not be awarded. The position of the case in this Court is similar to that of a case heard in Chancery on pleadings and proofs, and appealed to this Court. The facts are supposed to be all before the Court, and the decision upon them disposes of the case.

In this case an order will be entered simply reversing the judgment below, so as not to preclude the question of the right of plaintiff to bring a new suit.