MERRITT A. THOMPSON v. ZADOK JARVIS AND SARAH D. ROBINSON.

*Foreclosure defeated by laches in exhausting remedy.*

A second mortgagee who has foreclosed and bid in the property succeeds to the mortgager's rights and can make any defense against the other mortgagee that the mortgager could have made.

Townsend had two mortgages on the Hight House. Hight traded the premises to Mrs. Robinson for hotel property in Van Buren county which was already mortgaged, but on which Hight gave Townsend still another mortgage to which he agreed to look before resorting to his second mortgage on the Hight House. Mrs. Robinson afterward traded the Hight House to Jarvis for certain premises on which it was agreed that she should give him back a second mortgage, Townsend being given a first mortgage on it in consideration of his discharging the second mortgage on the Hight House. This mortgage to Townsend was collateral to the Hights' mortgage on the Van Buren county hotel property, to which it stipulated that Townsend should resort first. Townsend afterwards began foreclosure against the Van Buren county property, and a sale was ordered, which was adjourned from time to time for want of bidders, and was at length enjoined. Townsend took no steps to dissolve the injunction, although the suit was defended in his behalf, but it was not until two years after proofs were closed in it that the case was noticed for hearing. Meanwhile the Van Buren county property had been sold on the first mortgages against it, and the time for redemption expired long before the injunction bill was dismissed. *Held* that Townsend's assignee was barred from foreclosing against Jarvis by Townsend's *laches* in not bringing the injunction suit to a hearing sooner, and in failing to exhaust his remedy against the Van Buren county property before resort was had to the other.

Appeal from Cass. Submitted Oct. 30. Decided Nov. 21.

FORECLOSURE. Bill dismissed. Complainant appeals.

*Merritt A. Thompson* in person for complainant.

*Spafford Tryon* for defendant Jarvis. The remedy on a note and mortgage should be exhausted before pro-

39 MICH.—87.

ceeding on a guaranty of payment, *Borden v. Gilbert*, 13 Wis., 670; it is a condition of an action against a surety that suit be seasonably begun against the principal debtor and diligently prosecuted to judgment and execution, *Aldrich v. Chubb*, 35 Mich., 359; *Thomas v. Dodge*, 8 Mich., 51; *Barnes v. Baker*, 2 Mich., 377; where it is contracted in a mortgage that the mortgagee shall first resort to premises covered by a former mortgage, his unreasonable delay and *laches* in doing so may discharge the liability under the later mortgage, if he thereby loses his remedy under the other, *Kemmerer v. Wilson*, 31 Penn. St., 110; *Stark v. Fuller*, 42 id., 320; *Dwight v. Williams*, 4 McL., 581; *Teaff v. Ross*, 1 Ohio St., 475; *Remsen v. Beekman*, 25 N. Y., 552; *King v. Baldwin*, 2 Johns. Ch., 554; *Maquoketa v. Willey*, 35 Iowa, 323; *Hayes v. Ward*, 4 Johns. Ch., 123; *Pitts v. Congdon*, 2 N. Y., 352; *Lichtenthaler v. Thompson*, 13 S. & R., 158; *Beach v. Bates*, 12 Vt., 68; *Sherraden v. Parker*, 24 Iowa, 28; *Phares v. Barbour*, 49 Ill., 370; *Mayhew v. Crickett*, 2 Swanst., 185.

MARSTON, J. Bill filed to foreclose a mortgage. In May, 1866, Orion R. Hight and wife executed a certain mortgage upon premises in Dowagiac, known as the Hight house, to secure the payment of certain notes.

In November, 1870, Sarah D. Robinson exchanged certain hotel property owned by her in the village of South Haven, Van Buren county, with Hight for the Hight house in Dowagiac, and at the time of this exchange Townsend had two mortgages, to secure the payment of some $4000, upon this property in Dowagiac.

At the time of this exchange Mrs. Robinson knew of but one mortgage being upon the Hight house. About this time a question arose between Hight and Mrs. Robinson about the second mortgage on the Hight house, which resulted in an agreement, made and entered into by and between Mrs. Robinson, Hight, and Townsend the mortgagee, that Hight should give a mortgage upon

the South Haven property which he had received in exchange, to Townsend; that Townsend's second mortgage upon the Hight house should be permitted to remain, but that he should first look to the South Haven property, and his mortgage thereon, for satisfaction of his claim.

In August, 1871; Mrs. Robinson exchanged the Hight house property in Dowagiac with defendant Jarvis, for the premises described in the mortgage sought to be foreclosed in this case. Jarvis refused to make this exchange unless Townsend's second mortgage upon the Hight house was discharged, but this Townsend refused to do. Townsend was willing to take a first mortgage upon the property which Jarvis was conveying to Mrs. Robinson in exchange, but in the trade between Jarvis and Mrs. Robinson, the latter was to give Jarvis a mortgage upon the property he was to convey to her, and Jarvis insisted that he should have the first mortgage and Townsend the second thereon. During these negotiations the fact that Townsend had a mortgage upon the South Haven property, and to which he was in the first instance to resort, was fully talked over and understood, as was also the fact that the South Haven property was valuable and amply sufficient to satisfy Townsend's claim thereon in full, together with two prior mortgages thereon for small amounts, if not destroyed by fire. These negotiations finally resulted in a trade being effected between Jarvis and Mrs. Robinson, Jarvis taking a second and Townsend a first mortgage upon the premises which Jarvis conveyed to Mrs. Robinson, and Townsend discharging his second mortgage upon the Hight house property, Jarvis consenting to take the second, and Townsend the first mortgage, in consideration of Townsend's agreeing to look to the South Haven mortgage for his claim in the first instance. In pursuance of this agreement the exchange was made, and the mortgages to Jarvis and Townsend were given, and in Townsend's mortgage this clause was inserted:

"Provided always, and these presents are upon this

express condition, that if the said party of the first part [Mrs. Robinson] shall and do well and truly pay or cause to be paid to the said party of the second part [Townsend] the sum of money secured by a certain indenture of mortgage bearing date the thirtieth day of November, 1870, made and executed by Elizabeth M. Hight and Orion R. Hight, party of the first part, to George J. Townsend, party of the second part, and recorded in the register's office for the county of Van Buren, in liber three of mortgages, on page 120, for the sum of twenty-three hundred dollars. This mortgage is given as *collateral to the above described mortgage, and the said George J. Townsend hereby contracts and agrees to exhaust his remedy on the first mortgage, before this mortgage shall be foreclosed,* and when the said mortgage is paid this mortgage shall be discharged," etc.

The real question in dispute in this case is whether Townsend did exhaust his remedy on the Van Buren county mortgage before his assignee, the complainant in this case, commenced proceedings to foreclose.

Townsend in 1872 began statutory proceedings to foreclose the Van Buren county mortgage. The premises were advertised to be sold on July 11th, 1872, and on that day Mr. Townsend and Mrs. Robinson appeared. There were no bidders. Townsend refused to bid, and the sale was postponed until the 14th day of August. There is some dispute as to whether this and a subsequent postponement were made at Robinson's request or not, but this in our view of the case becomes immaterial. On August 14th Townsend and Robinson were again present. Townsend refused to bid and there being no bidders, the sale was farther postponed until Sept. 19th, 1872. Previous to this latter date, viz.: Sept. 18th, 1872, certain parties claiming some interest in this Van Buren county mortgaged property, commenced proceedings in chancery to enjoin the foreclosure and sale of the mortgaged premises, and they obtained a preliminary injunction. Upon what grounds they claimed to be entitled to relief does not appear. It does not appear that any steps were taken by Townsend to have the injunction dissolved. An attorney however was employed to defend,

and we presume an answer must have been put in, as proofs were taken on the part of the defendant but none on behalf of complainants. Proofs were closed in April, 1873, and the case noticed for hearing in June, 1875, and on the 21st of the same month a decree was rendered dismissing the bill of complaint, which was enrolled in November following.

In the mean time and while these chancery proceedings were thus slowly progressing, steps were being taken to foreclose the two prior mortgages upon this same Van Buren county property. The premises were sold thereunder and the time to redeem therefrom expired January 28th, 1874. So that when the injunction was dissolved, which stopped Townsend's foreclosure, by the dismissal of the bill in June, 1875, his remedy against the premises was gone, and nothing farther was done by him in the way of attempting to collect his claim on the Van Buren county mortgage.

It is claimed on the part of defendants, but disputed, that Townsend claimed the expense of his foreclosure proceedings should be borne by either Robinson or Jarvis. There is no question, however, but that all or nearly all of the expenses attending the proceedings in defending the injunction suit were paid by Robinson, and that Townsend repeatedly refused to do anything in that case at his own expense, claiming that he was only bound to commence proceedings to foreclose his mortgage, which he had done, and that he would proceed no farther therein, but would look to his mortgage upon the Dowagiac property, being the one sought to be foreclosed in this case.

A preliminary question was raised, viz.: that Townsend's agreement to look to and exhaust his remedy upon the Van Buren county mortgage, was made with Mrs. Robinson, who was not properly brought in as a defendant in this case, and that Jarvis could derive no benefit therefrom. Without deciding whether there is any force in the objection, it is sufficient to say, that

Jarvis foreclosed his mortgage upon the premises in question, became the purchaser thereof, and thus succeeded to Mrs. Robinson's rights, and has a right therefore to make the same defense she would.

Did then Townsend exhaust his remedy upon the Van Buren county mortgage? Clearly I think not. We do not say that he should have bid in the property himself, subject to the previous mortgages thereon, although we are of opinion the evidence shows it was of sufficient value to have satisfied all in full, nor that he should have commenced a personal action against the mortgagors—although such might have been his duty, if there was a personal liability. See *Barman v. Carhartt*, 10 Mich., 338. We do say however that it was clearly his duty to proceed with all reasonable diligence, and have the injunction dissolved, or at least bring the matter to a hearing, either upon a motion for a dissolution, or upon proofs. This he did not do. We do not feel disposed to lay down a very rigid rule in reference to the rapidity with which chancery proceedings should progress, but when proofs are closed in a case, upwards of two years seems rather longer than necessary to bring the matter to a hearing. Especially is this so in a case where important rights may be lost by the delay. This long delay is not only not explained, but it is clearly apparent from the whole record that Mr. Townsend made no proper effort, and had no desire to have it shortened. Indeed his preferences seem to have been the other way. Had it not been that he supposed he had the Dowagiac property to fall back upon, it seems very clear that he would have made a more prompt and vigorous effort to have collected his claim out of the Van Buren county property. Had this been his only security, he would not have been so easily satisfied with the manner in which he was exhausting his remedy. Mortgagees do not usually exhaust their remedy in that way.

As between Townsend, Robinson and Jarvis, the Van Buren county property was the primary fund to be

resorted to for the satisfaction of the debt, and when exhausted, if the claim was not satisfied in full, then he could resort to the Dowagiac property for the deficiency. It is quite probable, a point however upon which no opinion is expressed, that any, extra expense he may have been put to in endeavoring in good faith to enforce his claim against the Van Buren county property, could have been charged against and collected out of the Dowagiac property. The relation existing between Mr. Townsend and Mrs. Robinson was not that of principal and surety as ordinarily understood. His duty in the premises did not spring from such a relationship, by operation of law, but from his express agreement—upon the strength of which, and in reliance upon its due and proper execution in good faith, Mr. Jarvis and Mrs. Robinson made an exchange of property. There would seem to be little if any doubt but that had Mr. Townsend vigorously exhausted his remedy, instead of exhausting it by laches, he would have collected his entire claim without resorting to the mortgage now sought to be enforced.

It necessarily follows that the decree of the court below must be affirmed with costs.

The other Justices concurred.