## JOHN HEBERT v. CHRISTIAN BULTE.

*Statutory foreclosure—Evidence of regularity.*

42  489
112  282

42  489
f157  1  53

The sheriff's deed on statutory foreclosure is no evidence that the foreclosure was legal; and the affidavits required by Comp. L., § 6926, are merely to perpetuate evidence of the sale.

Foreclosure by advertisement is not a judicial proceeding, but an act of a party, and cannot take place unless the mortgage contains a power of sale.

Error to Wayne. Submitted Jan. 8. Decided Jan. 20.

PROCEEDINGS TO RECOVER POSSESSION OF LANDS. Defendant brings error.

42 MICH.—62.

*Moore, Canfield & Warner* for plaintiff in error.

*G. H. Lothrop* and *E. F. Conely* for defendant in error.

GRAVES, J. Bulte commenced a summary proceeding before a circuit court commissioner under Comp. Laws, ch. 211, to recover possession of certain premises in Detroit. He based his complaint on section 6706, and at the trial rested his right to recover upon an alleged purchase made at a foreclosure sale under the statute regulating foreclosure by advertisement. Comp. Laws, ch. 218. After proving that Hebert was in possession and that the premises had been demanded of him, he gave in evidence a deed to himself from the sheriff, the sheriff's indorsement that the deed would become operative December 15, 1878, the foreclosure advertisement and the affidavits specified in section 6926, and rested. No evidence was given of the mortgage. The commissioner then heard the evidence on the part of Hebert and decided that he held against the right of Bulte, and that the latter was entitled to possession. The case being taken by certiorari to the circuit court, the judgment was affirmed and Hebert brought error.

At the hearing the case was very fully discussed on one or two points, which, upon the view we feel compelled to take, are not material to the result.

It is objected that in consequence of the want of evidence of the mortgage, Bulte not only failed to show that Hebert was holding over after foreclosure as alleged, or holding against his right, but also failed to show that he, Bulte, held any title, and therefore that he made out no case whatever. The result depends on the question whether the deed and affidavits were sufficient by themselves to establish a completed title in Bulte through valid foreclosure.

The deed was no evidence of legal foreclosure (*Barman v. Carhartt*, 10 Mich., 338), and we must therefore inquire whether the affidavits were. The statute author-

izes the affidavits for the purpose of preserving evidence of the sale, and for no other purpose; and they are made presumptive evidence of the facts they are intended to perpetuate, and no other. They are not needed to perpetuate evidence of the mortgage, and the law does not provide that they shall afford such evidence.

A foreclosure under the statute is an act of the party and not a judicial proceeding, and it is only possible when the mortgage is so framed as to authorize it. There must be a power of sale by which the mortgagee and his assigns are empowered by the mortgagor to sell in order to collect the debt. *Doyle v. Howard*, 16 Mich., 261. The mortgage contract containing the power of sale is the authority for the proceeding, and the validity of the deed and the force of the affidavits depend upon it. Until it is shown that there is a mortgage with the requisite power of sale, it does not appear that there is any foundation for the proceedings, and they have no inherent force to prove that a legal title has vested through foreclosure. Before placing reliance upon an act of delegated power, it is indispensable to ascertain that the power itself has been delegated.

Without discussing the point further, we are satisfied the objection taken is insurmountable, and that upon the facts the defendant in error established no right whatever to possession.

The judgments below must therefore be reversed, and the plaintiff in error will recover his costs of all the courts.

The other Justices concurred.