BRYAN *v.* STRAUS BROS. & CO.[1]

1. MORTGAGES — REAL PROPERTY — MERCHANTABLE TITLE — AB-
STRACT.
Under a contract for the sale of land providing for an abstract
showing a merchantable title in the vendors, an abstract
of title showing the foreclosure by advertisement of a mort-
gage covering the premises, does not comply with the agree-
ment if it fails to disclose that the mortgage contained a
power of sale.

2. SAME.
A recital in the sheriff's deed that the mortgage contained a
power of sale is no evidence of the fact.

3. SAME—FORECLOSURE BY ADVERTISEMENT.
A foreclosure by advertisement is only valid where a power of
sale is contained in the mortgage.

4. PUBLIC OFFICERS—SHERIFF—PRESUMPTIONS.
The presumption that a public officer has done his duty can
only apply to such acts of the officer as the law requires,
and cannot be made the basis of authority to act for a mort-
gagor.

5. APPEAL AND ERROR—NEW TRIAL.
A new trial will not be refused on reversal where evidence was
introduced which might have been submitted to the jury as a
question of fact that would entitle the plaintiffs to recover.

Error to Lenawee; O'Mealey, J.   Submitted February
24, 1909.   (Docket No. 106.)   Decided May 26, 1909.

Assumpsit by Edward S. Bryan and another against
Strauss Brothers & Company upon a land contract.
A judgment for plaintiffs is reviewed by defendant on
writ of error.   Reversed.

*D. B. Morgan* and *A. F. Biggs*, for appellants.

*Smith, Baldwin & Alexander*, for appellees.

BLAIR, C. J.   On the 31st day of October, 1906, plain-

[1] Rehearing denied September 21, 1909.
       157 MICH.— 4.

tiffs and defendants entered into a written contract for the purchase by defendants of plaintiffs of certain real estate in Lenawee county for the sum of $2,800. By the terms of the contract plaintiffs agreed to convey to defendants "a merchantable title in fee simple to said premises free of all incumbrances;" the deed to be delivered within 10 days to the Adrian State Savings Bank and held in escrow until defendants complied with their part of the contract. Plaintiffs also agreed to procure and deliver within 30 days an abstract of the title to said premises, compiled by a competent and responsible abstracter, showing title as aforesaid—

"All of which shall be subject to the approval of the second parties, and to cause all defects therein to be corrected by the 1st day of January, 1907, and if not corrected by that time the second parties are hereby authorized at their option to cause the same to be corrected, in which event the expenses therefor shall be paid by the first parties or be deducted from the purchase price owing by the second parties for said premises."

Defendants agreed to pay $600 down and the balance of the purchase price on or before March 1st, provided that, if plaintiffs had not performed the contract on their part by that time, defendants "may withhold such payments until the same has been done."

Shortly before January 7, 1907, plaintiffs furnished to defendants an abstract of the title in question, to which numerous objections in writing were made by defendants; corrections were made obviating some of the objections; new lists of objections filed and corrected from time to time, until all of the objections were satisfactorily met except those numbered 11*a*, 11*b*, and 17. The objections under 11*a* still open were: That a certain mortgage of the premises from Sally Hagerman to Juliette J. Schureman was not shown by the abstract to contain a power of sale, and therefore disclosed no authority for a foreclosure and sale by advertisement; that the abstract showed the estate of said Sally Hagerman to be still open;

that the affidavit of Ambrose B. Park, administrator of the estate of Juliette J. Schureman, deceased, made a part of the abstract, showed that he caused the mortgage to be foreclosed and had bid in and taken title to the premises in his own name; and that "the said Sally Hagerman, through her nephew, Warren B. Hagerman, redeemed said premises and paid him (meaning the said Ambrose B. Park) the amount of his bid." The objections under 11*b* were: That if Park purchased as administrator, he held the premises in trust for the heirs of Mrs. Schureman, and if he purchased in his individual capacity, the purchase was void; that, in either event, it was necessary that the abstract should show the persons interested in her estate who survived her; and that their interests had been divested, which did not appear. The objections open under 17 were that a mortgage given by one John H. Eberts and wife to Francis M. Briggs February 1, 1858, did not appear to have been discharged.

On February 7, 1907, the parties made a partial settlement, whereby defendants paid the balance remaining due except $350, for which they gave a duebill payable at such time as plaintiffs should deliver an abstract showing the title to be merchantable and free of liens to the approval of their attorneys, in accordance with the provisions of their contract of purchase. On the 1st day of March, 1907, defendants conveyed the premises in question, with other lands, to John H. Elliott by warranty deed. On April 12, 1907, defendants paid $150 to apply on the duebill. Plaintiffs commenced suit for the balance unpaid on the duebill in justice's court December 21, 1907, where they recovered a judgment, and also recovered judgment in the circuit court on appeal. Defendants have removed the record to this court for review upon writ of error. It was conceded by counsel for both parties that the court should determine, as a matter of law, whether the abstract showed upon its face a merchantable title as against the three objections. The circuit judge held, as a matter of law, that the abstract, upon its face, disclosed

a merchantable title, and that the three objections relied upon by defendants were not well founded. He submitted to the jury the question of the good faith of defendants in relying upon the advice of their attorneys as to the validity of the objections.

The first point presented by the brief for defendants is that the abstract failed to show a merchantable title because the estate of Sally Hagerman was shown to be still open, and, the mortgage to Mrs. Schureman not appearing affirmatively to have contained a power of sale, the foreclosure thereof was ineffectual to divest Sally Hagerman of her title. Item 21 of the abstract shows a mortgage from Sally Hagerman to Juliette J. Schureman executed April 29, 1884, recorded May 6, 1884, in liber 112 at folio 166, consideration $1,000, and describes the property in question. It is further stated that it appears from the probate records "that Juliette Schureman died April 24, 1895, intestate. Ambrose B. Park was appointed administrator and filed the usual bond June 6, 1895." There is no statement that the mortgage contained a power of sale. Item 22 is as follows: "Final order of said court discharging said administrator filed August 12, 1897." Item 23 is a copy of the deed from the sheriff to Ambrose B. Park on the foreclosure of the "mortgage in No. 21 above," dated April 26, 1897, acknowledged and recorded April 30, 1897. The deed recites that the mortgage "contained a power of sale which has become operative by reason of a default in the condition of said mortgage," etc. The notice of sale also contained a recital of the power of sale, and the foreclosure proceedings appear to have been regular.

Counsel for plaintiffs contend:

"That the statute required these things, and it cannot be assumed that this public officer, the sheriff, violated his duty and sold under a mortgage containing no power of sale and made a false certificate that the mortgage contained a power of sale when in fact it did not."

That the presumption is that the sheriff did his duty,

citing *Sinclair* v. *Learned*, 51 Mich. 337 (16 N. W. 672); *McCammon* v. *Railroad*, 103 Mich. 104 (61 N. W. 273); *Miller* v. *Clark*, 56 Mich. 337–340 (23 N. W. 35); *Snyder* v. *Hemmingway*, 47 Mich. 549–553 (11 N. W. 381); *Reading* v. *Waterman*, 46 Mich. 110 (8 N. W. 691). A power of sale in the mortgage is a prerequisite to a right to foreclose the mortgage by advertisement. 3 Comp. Laws, § 11133.

"It has been repeatedly held that a foreclosure under the statute is an act of the party, and not a judicial proceeding, and that it is only possible when the mortgage is so framed as to authorize it." *Lariverre* v. *Rains*, 112 Mich. 276 (70 N. W. 583).

The sheriff derives his authority to sell the mortgaged premises from the owner of the mortgage. *Watson* v. *Lynch*, 127 Mich. 365 (86 N. W. 807). And the sheriff's deed on statutory foreclosure is no evidence that the foreclosure was legal. *Barman* v. *Carhartt*, 10 Mich. 338; *Hebert* v. *Bulte*, 42 Mich. 489 (4 N. W. 215). The presumption that, when the contrary does not appear, a public officer will be presumed to have done his duty, can only apply to such acts of the sheriff as were required to be performed by him in the discharge of his own duties. The presumption cannot be made the basis of the authority to perform the acts. The cases cited by plaintiffs' counsel are not opposed to this conclusion. It follows therefore that the abstract did not legally show that the mortgage contained a power of sale, and the defendants were entitled to insist under their contract that the abstract should be so corrected as to state this fact. *Ford* v. *Wright*, 114 Mich. 122 (72 N. W. 197); *Walker* v. *Gillman*, 127 Mich. 269 (86 N. W. 830).

There was an allegation in the declaration that, at the time defendants paid $150 on the duebill, it was agreed that the balance of $200 "should be paid when certain corrections and things agreed upon should be done. These were done, and the agreements then entered into were complied with whereby the balance, to wit, $200,

became due." There was evidence tending to sustain this allegation, but it does not appear to have been submitted to the jury nor considered in the briefs of counsel. The fact that defendants and their attorneys required numerous affidavits to be recorded at considerable expense tends to support the view that such affidavits were in compliance with the alleged agreement; but, as the testimony was disputed, a question of fact was raised, which would, doubtless, have been submitted to the jury by the trial judge if he had been requested so to do. Under such circumstances, we do not feel warranted in complying with the request of defendants' counsel to reverse the case without granting a new trial.

The judgment is reversed, and a new trial granted.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.