WHEELER & WILSON MANUFACTURING COMPANY v. WILLIAM
WALKER.

*Assignments of error—Contract—Evidence—Instructions.*

| 41 | 239 |
| e122 | 434 |
| 41 | 239 |
| s 1ᴺᵂ1035 |
| 132 | ¹490 |

An assignment of error to the effect that judgment ought to have
been given for plaintiff in error is a mere generality without
force.

Where a witness in an action on contract has been examined as to
defendant's declarations, it is proper to cross-examine as to far-
ther statements made by him and bearing on the same subject.

No notice will be taken of an assignment of error that is too gene-
ral to connect it with any exception.

A sewing machine company sued for the price of a machine.    De-
fendant claimed that the sale was conditional on plaintiff's mak-
ing it run.    *Held* that evidence was admissible to show that
persons sent by plaintiff's agent to make it work, did not suc-
ceed.

The court cannot confine evidence to the plaintiff's theory and exclude
everything that favors the theory of defendant's case.

In an action for the price of a sewing machine, evidence as to the
extent to which the machine had been damaged by defendant,
or as to the financial irresponsibility of the agent who sold it, is
not material.    Evidence to show that after the defendant had
returned the machine to plaintiff's office, he had not ordered it
to be brought back again, and that after it had been brought
back, he had not refused to deliver it to plaintiff, was *held*
admissible.

A charge should be considered as a whole and not by separate prop-
ositions.

A general exception to a whole charge, covering correct and incor-
rect propositions together, cannot be sustained.

Error to Jackson.    Submitted June 6.    Decided July 1.

ASSUMPSIT.    Plaintiff brings error.

*Wm. Seward Gridley* for plaintiff in error.

*F. & R. Livermore* for defendant in error.

GRAVES, J.    The company recovered eighty dollars and
fifty cents against Walker, before a justice, for the price

of a sewing machine, under the common count for goods sold and delivered. The defendant appealed, and in the circuit court the jury returned a verdict in his favor. The company allege numerous errors and ask a reversal. Their counsel has presented a learned and very exhaustive brief: but our view of the case supersedes its usefulness now. The case on the part of the plaintiffs was that defendant admitted to their attorney that he bought the machine of their agent, Black, and had paid Black certain fire-wood towards the purchase price, and the substance of the defendant's case was that no absolute purchase was ever made, and that he merely agreed to purchase on certain conditions which had not been observed.

The first assignment of error is a mere formal generality and has no force.

The second and third relate to questions on cross-examination of Mr. Hunt, the plaintiff's witness. They had shown by him certain declarations of defendant, and the questions objected to were aimed to elicit further statements of the defendant at the same time, and bearing on the same subject. They were proper under the most restricted rule.

---

The assignments of error were as follows:

I. Judgment ought to have been given in favor of the said Wheeler & Wilson Manufacturing Company, and against said William Walker, for the sum of $80.50, the agreed price of said sewing machine, with interest from the 13th day of October, 1874, at the rate of seven per cent. per annum, with costs of said suit to be taxed, instead of a judgment in favor of the said William Walker, against the said Wheeler & Wilson Manufacturing Company, for his costs of said suit to be taxed.

II. The circuit judge also erred in overruling the objection made by the plaintiff's counsel to the following questions, put by the defendant's counsel to the witness Horace Hunt on his cross-examination, viz.: *first*, "Upon that first conversation in your office, did not Mr. Walker claim that the plaintiff had not fulfilled the conditions that he was to do before he bought the machine?" *second*, "Didn't he claim that Black had agreed to come and teach his wife how to use the machine?"

III. The circuit judge also erred in not sustaining the objections made by the plaintiff's counsel to all the evidence offered by the defendant's counsel, in relation to the knowledge of the defendant's wife in regard to her running a sewing machine, and also in regard to the plaintiff's agent, Black, teaching the defendant's wife how to run a sewing machine, or give her instructions in relation thereto.

The third assignment of error is too general to be noticed. So far as it points towards exceptions it does not indicate any question possessing merit.

The fourth is based on an exception to a question put to defendant, and also on an exception to a question put to the witness Sercomb. These questions were put to show that a person sent by Black for the purpose tried to make the machine run and that he failed. There was evidence tending to show that Black sent him, and nothing in denial; and the fact that plaintiff's salesman was trying to make the machine work, and that his expert did not succeed, was part of defendant's case and entirely proper. It was not for the court to confine the evidence to the plaintiff's theory, and exclude everything which might favor one put forward by the defendant.

The fifth charge of error has no force. The evidence tended to show a new agreement, and its admission was unavoidable. The question put to the witness Carey as to the extent to which the machine had been damaged, was not material, and this is true also of the statement

---

IV. It was also error to permit the question "What did this agent do, or attempt to do, if anything, with the machine?" to be asked the witness Walker under the objection of the plaintiff's counsel. It was also error to permit the question "What did the agent do?" to be asked the witness, Sercomb.

V. It was also error in overruling the objection made by plaintiff's counsel to the testimony of the witness Mrs. Emma Walker, where she said "If he succeeded in making the machine satisfactory and teach me how to use it, my husband was to buy the machine."

VI. The circuit judge also erred in sustaining the objection made by the counsel for the defendant to the question put to the witness Carey by counsel for the plaintiff, as follows: "To what extent or amount was this machine damaged?" and refusing to allow said witness to give testimony upon that subject.

VII. It was also error to strike out upon motion of the defendant's counsel the evidence given by the witness Gridley, in relation to the financial condition of the agent Black, and to refuse to allow said witness to give testimony upon that subject.

[Assignments VIII–XVII are to refusing and granting certain requests to charge.]

XVIII. It was error in the circuit judge to permit the defendant and witness Walker, under the objection of the plaintiff's counsel, to give evidence to show that after he returned the machine to the plaintiff's office in Jackson he had not given any instructions to anybody to have the machine brought back to his house again, and that since said machine was brought back by Black he had not refused to deliver it to the plaintiff.

of plaintiff's counsel concerning Black's irresponsibility. The evidence given against objection by the defendant and referred to in the eighteenth assignment of error, was in support of the claim by defendant and perfectly regular. It bore upon his position that although the machine was at his house it had never become his property.

The several requests for instructions by plaintiff's counsel were rightly refused. They must have misled the jury if given. They proceeded on a partial and mistaken view of the issue and of the various propositions of fact the evidence tended to make out. They failed entirely to pursue the showing and exhibit those facts upon which, if found, the jury could be required to find a result.

The charge as given has been examined. Some propositions requested by the defendant, after being qualified are included. These are excepted to. We cannot regard them as abstractions and entirely apart from the other portions of the charge, and viewing them in the proper connection we discover no prejudicial error. The general exception to the whole charge can have no effect. Very much of it is admitted to be proper, and when an exception includes good and bad it cannot be allowed. See *Railway v. Probst*, 30 Ohio St., 104, and authorities. By this we do not intend to say that any part of the charge when fairly construed, as it should be, in connection with the rest and in view of the whole evidence, is justly exposed to complaint by the plaintiffs. We think it is not.

As no error is made out, the judgment should be affirmed with costs.

MARSTON and COOLEY, JJ., concurred. CAMPBELL, C. J., did not sit in this case.