HELEN M. ALBERTS v. THE VILLAGE OF VERNON.

*Municipal corporations—Defective sidewalks—Evidence—Assignments of error—Instructions to jury.*

1. It is competent for the plaintiff in a negligence case to show that another person was tripped by a loose board in the same sidewalk upon which plaintiff was injured in like manner some eight months thereafter, as tending to show a long continuance of the defective condition of the walk, from which notice to the defendant might be inferred; it appearing that the walk had not been repaired up to the time of the accident to the plaintiff.

2. An assignment of error based upon the refusal of the court to give the request, "In this case, your verdict will be for the defendant," and in the same language, is not sufficient, under Supreme Court Rule No. 12, which requires assignments of error to be special.[1]

3. It will not be assumed that the jury were led to disregard an

---

[1] See *Hecock v. Van Dusen, post,* 573.

instruction on the subject of contributory negligence because it was not repeated in connection with the instructions upon the question of notice.

4. Error cannot be assigned upon the ground that an instruction which is correct in substance was not made more specific, a more particular instruction not having been asked for, nor any exception taken by which the attention of the court could have been called to the omission.

5. Where the language used in the general charge is substantially like that of a request to charge, the court has a right to assume that it covers the question from the standpoint of the counsel presenting the request.

Error to Shiawassee.  (Newton, J.)  Argued June 8, 1893. Decided July 26, 1893.

Negligence case.  Defendant brings error.  Affirmed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*A. L. Chandler* and *S. F. Smith,* for plaintiff.

HOOKER, C. J.  The plaintiff was injured by falling on defendant's board sidewalk, being tripped by a loose board. The proofs show that the walk was old, and the stringers so rotten that they would not hold nails driven into them. Evidence was given tending to show that no repairs had been made upon said walk for more than a year; and John Norton, a witness for plaintiff, testified to being tripped by a loose board in said walk some eight months before the accident to the plaintiff.  The court admitted this, against defendant's objection and exception, as tending to show a long continuance of the defective condition of the walk, from which it might be inferred that defendant had notice of its worn and rotten condition.  No error was committed in this.  *Dotton v. Village of Albion,* 50 Mich. 129; *Moore v. Township of Kenockee,* 75 Id. 332; *Campbell v. City of Kalamazoo,* 80 Id. 655; *Girard v. City of*

*Kalamazoo,* 92 Id. 610; *Corcoran v. City of Detroit,* 95 Id. 84. That the witness fell, had no especial significance, except in connection with the fact that the boards were loose. In connection with the proof that no repairs were made subsequently, and before the accident to plaintiff, it was material.

William Shoemaker, another witness for plaintiff, testified that he was employed by the village to take up the walk soon after the accident, and that he found the stringers rotten, and had no difficulty in lifting the boards therefrom. It is said here that the fact that the village caused the walk to be taken up and repaired was not competent evidence to show that the walk was in bad condition. This point does not appear to have been made below, and the record indicates that the removal of the walk, affording the opportunity to learn particularly its condition, was the point aimed at. Incidentally, it was drawn out that it was removed at the instigation of defendant. No error was committed in receiving this testimony.

Defendant's first request was as follows, viz.: "In this case, your verdict will be for the defendant." An assignment of error is made in the same language. This is not a good assignment of error, under Supreme Court Rule No. 12, which requires assignments of error to be special. It does not point out the reason for the request, and leaves the Court and opposing counsel to ascertain. as best they may whether the case is not defective in some particular. So far as we discover, however, the court was justified in submitting the case to the jury.

In discussing the question of notice,.the trial judge said to the jury:

"The notice required in the proviso may be actual notice to the street commissioner, or by personal knowledge of such officer, or by the existence of the defects complained of being of such long standing that it might and ought to have been known, and that the want of knowledge may,

under given circumstances, imply want of due care; and, in the absence of proof of actual knowledge, you will determine from all the evidence in the case whether the walk, at the place the plaintiff claims she was injured, had been, prior to that time, out of reasonable repair, and not in a reasonably safe and fit condition for public travel, and whether it had continued for such length of time prior to the accident that the want of knowledge may, under the circumstances of this case, imply want of due care on the part of the village in keeping that sidewalk in repair. If you so find, in view of all the evidence in the case, and the inferences naturally to be deduced from such evidence, you can find for the plaintiff, in the language of the statute, 'such just damages as will compensate her for the injury sustained.' "

Counsel for defendant assert that this ignored the question of contributory negligence. A judge cannot easily discuss all questions in a case at once. The question of contributory negligence was not overlooked, and we cannot assume that the jury were led to disregard the instruction on that subject because it was not repeated in connection with the discussion upon the question of notice. This instruction regarding notice might have been more specific, but it was correct in substance. *Stebbins v. Township of Keene,* 55 Mich. 552, 60 Id. 214; *Woodbury v. City of Owosso,* 64 Id. 239. Error is assigned upon it for the reason that it did not state that " notice could not be presumed unless the defect was so open and notorious, of long standing, and of such a character as would attract passers-by, and the burden of proof of these facts is on the plaintiff." Defendant's counsel did not see fit to ask for more particular instruction, nor did they take any exception by which the attention of the judge could have been called to the omission.

The jury were instructed:

"From a request which I will give you on the part of the defendant, I will charge you, further, that if the plaintiff had knowledge or was aware of the dangerous condition of

the walk, and purposely ventured along it, seeing or knowing of the threatened danger, that would be contributory negligence on her part, and she could not recover."

It is contended that this unduly restricted the jury upon the subject of plaintiff's negligence. The language is substantially like that of defendant's fourth request, which was given, and which, we think, the court had a right to assume covered the question from defendant's standpoint.

We call attention to the fact that a record of a few pages would have been sufficient to raise all questions in this case.

The judgment of the circuit court will be affirmed.

The other Justices concurred.