THOMAS L. HECOCK v. CHARLES VAN DUSEN ET AL.

[See 80 Mich. 359.]

*Practice in Supreme Court—Assignments of error—Findings of fact—Taxes—Validity of deed.*

1. An assignment of error, "that the court erred in rendering judgment for the defendants," is not sufficiently specific to meet the requirements of Supreme Court Rule No. 12.[1]

2. A finding, as a conclusion of law, that certain tax deeds introduced by the plaintiff are invalid, will not be regarded as a finding of fact; and an assignment of error that "the court erred in finding plaintiff's tax deeds, or any one of them, void," based upon an exception to said finding, will not entitle the plaintiff to a review of the facts upon which the conclusion is based.

3. A finding that certain tax deeds were offered in evidence, purporting to convey the land on account of delinquent taxes assessed thereon for certain specified years, for which the land was sold, and that there were certain irregularities in the proceedings to levy and collect the taxes on the land for said years, and that for several of said years the levy for township, highway, and school purposes was in excess of the amounts authorized by law, will be construed as finding that the land was sold for said unauthorized taxes.

Error to Monroe. (Kinne, J.) Argued June 16, 1893. Decided July 26, 1893.

———————

[1] See *Alberts v. Village of Vernon, ante,* 549.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case.

*Randall & Corbin,* for appellant.

*John O. Zabel* and *G. Morris,* for defendants.

McGRATH, J. This is an action of trespass, and is before us for the second time. 80 Mich. 359.

The case was tried without a jury, and error is assigned upon the findings.

The first, second, and fourth assignments are disposed of by the former opinion.

The sixth assignment of error, viz., "that the court erred in rendering judgment for the defendants," does not conform to the requirements of Supreme Court Rule No. 12, and will not be considered.

There was evidence tending to show that defendants had, prior to the commencement of this suit, entered upon the land, and cleared off a portion thereof, and the finding will not be disturbed.

The fifth assignment of error is as follows:

"The court erred in finding plaintiff's tax deeds, or any one of them, void."

The court found, "as a conclusion of law," that the tax deeds introduced by plaintiff were invalid. Plaintiff excepted to the finding "that, as a matter of law, all of said plaintiff's tax deeds are void." The court's conclusion of law is not to be regarded as a finding of fact, and neither the exception taken nor the assignment of error entitles appellant to a review of the facts found upon which the conclusion is based.

---

[1] The deed for the year 1874 was not introduced in evidence on the last trial.

Upon the argument the deeds for the years 1875, 1877, 1878, and 1880 were conceded to be invalid.[1]

The court found that for the years 1871, 1873, 1876, and 1879 the levy for township, highway, and school purposes was in excess of the amounts authorized. But it is insisted that there is no finding that the lands were sold for the unauthorized taxes. The court finds that plaintiff offered in evidence certain deeds from the Auditor General,—

"Purporting to convey to the plaintiff the above-described premises on account of delinquent taxes assessed thereon for the years, * * * for which taxes said land was sold to said plaintiff. The court finds from the evidence the following irregularities in the proceedings to levy and collect the taxes on the land in controversy for the several years for which said deeds were given."

No such question was raised in the court below. The contest there was as to the validity of the assessments for the purposes named. Plaintiff filed requests for findings, but no allusion is made in the record to this question. As to these years, the questions actually tried were entirely immaterial, if the fact was that the unauthorized taxes were not included in the amounts for which the land was sold.

In *Stockle v. Silsbee*, 41 Mich. 615, 618, as to the title for 1869, the finding stated that its invalidity was based *in part* upon State and county taxes returned as delinquent; and this Court held that the objections to the State and county taxes were not plausible, and that it was not shown that any particular township, school, or highway tax was among those for which a sale was made. In the same case the sale for 1871 was found to have been made "for said State, county, and other taxes," and the Court say:

"Although this is a little indefinite, it is, perhaps, to be understood as a statement that the sale was made for all the taxes mentioned in the finding as having been

levied for that year. This would include township, highway, and school taxes, as well as those levied for the State and county."

In the present case, we think the court must be understood as referring to, and treating of, defects in the proceedings to levy and collect taxes which were included in the term, "delinquent taxes assessed," for which said lands were sold.

The judgment must therefore be affirmed.

The other Justices concurred.

