MICHIGAN MUTUAL LIFE INSURANCE CO. *v.* MATHER.

APPEAL—DIRECTED VERDICT—REVIEW.

> A judgment for the plaintiff upon verdict directed by the court will not be disturbed on appeal if his case at least entitled him to go to the jury, and the only assignment of error relates to the refusal of the court to direct a verdict for the defendant.

Error to Wayne; Carpenter, J. Submitted April 15, 1897. Decided June 7, 1897.

*Assumpsit* by the Michigan Mutual Life Insurance Company against Horatio N. Mather upon a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Flowers, May & Moloney,* for appellant.

*Wilkinson & Post,* for appellee.

MOORE, J. Plaintiff sued the defendant to recover the amount due upon a promissory note. The defense interposed was that in December, 1890, the plaintiff issued to the defendant a policy of insurance upon which the premium for the ensuing year was $452.25; that the company accepted for said premium $113.05; and that a policy issued under such circumstances was void under the provisions of Act No. 171, Pub. Acts 1889; and that the note sued upon was given to renew a void policy, and was, therefore, without consideration. After the testimony was all in, defendant asked the court to direct a verdict in his favor. The court declined to do this, and directed a verdict in favor of the plaintiff. The defendant appeals, and makes but one assignment of error, to wit, "The court erred in refusing to direct a verdict for the defendant."

The defendant introduced evidence tending to support his claim, as already stated. His cross-examination and the testimony offered by plaintiff tended to show two theories that would favor plaintiff's claim. One was that Mr. Mather was an insurance broker, and would be entitled to the usual commission upon his policy, given to agents, of 75 per cent. of the amount of the first premium, which would amount to just the difference between what he paid in cash and the premium that was due; and that his premium was paid by cash and an allowance of commissions. There was also testimony tending to show that there was a note given by Mr. Mather for the amount of the first premium originally.

Giving this record the most favorable construction possible for defendant, it left some questions to be determined by a jury, unless the plaintiff was entitled to have a verdict directed in its favor. The defendant was not entitled to have the jury instructed to render a verdict in his favor, and, as he took no exceptions to the charge of the judge, or his failure to submit the case to the jury, we cannot discuss those features of the case.

Judgment is affirmed.

The other Justices concurred.