JACKSON BRIDGE & IRON CO. *v.* LANCASHIRE INSURANCE CO.[1]

APPEAL—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Sup. Ct. Rule No. 11, providing that every assignment of error shall be special, and no judgment shall be reversed for any other error than such as shall be specially assigned, assignments that the court erred in directing a verdict for plaintiff and in not directing a verdict for defendant are too general to be considered.

Error to Jackson; Peck, J. Submitted November 14, 1899. Decided December 21, 1899.

*Assumpsit* by the Jackson Bridge & Iron Company against the Lancashire Insurance Company on a policy of insurance. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Thomas E. Barkworth* (*Myron H. Beach*, of counsel), for appellant.

*Wilson & Cobb*, for appellee.

---

[1] Rehearing denied April 3, 1900.

Hooker, J.   This cause is before us upon writ of error, the assignments of error being "(1) that the court erred in directing a verdict for the plaintiff; (2) that the court erred in not directing a verdict for the defendant." It is said that the assignments are not sufficiently specific, under Cir. Ct. Rule No. 47, and Sup. Ct. Rule No. 11.

In *Johnson* v. *Ballou*, 25 Mich. 460, it is said:

"The right to review rests, therefore, on the last paragraph in the third assignment of error, and it is that the judge erred 'in directing the said jury to find a verdict in favor of the defendant.' It is manifest that this assignment of error affords no light as to what specific objections are leveled at the ruling excepted to. It assumes that a fault is lurking somewhere in the record, which judicial scrutiny may discover, but it fails to indicate in any way either where or what the fault is. By recurring to the briefs, we are led to understand that the parties wish to elicit an opinion upon several topics, which, as already stated, are not before us in such shape as to render it prudent to examine them."

The court did not expressly state that the assignment was bad. On the contrary, it reversed the case.

In *Wheeler & Wilson Manfg. Co.* v. *Walker*, 41 Mich. 241, an assignment, in substance, that "judgment ought to have been rendered for the plaintiff," was said to be "too general to be noticed," and did not indicate any question possessing merit. In *Alberts* v. *Village of Vernon*, 96 Mich. 551, error was assigned on a refusal to direct a verdict for the defendant. The assignment was held bad. It did not show whether the question went to the merits, or was based upon some technical point. It afforded no information to the trial court concerning the real point relied on, and was therefore unfair to him. In *Hecock* v. *Van Dusen*, 96 Mich. 573, the assignment was that the court erred in rendering judgment for the defendants. It was held bad. In *McCammon* v. *Railroad Co.*, 103 Mich. 104, a verdict was directed in favor of the plaintiff, and error was assigned on this direction. The court held the assignment bad, but considered the case,

and *affirmed* it.   The case of *Conely* v. *Dudley,* 111
Mich. 122, may seem exceptional, as the case was reversed
upon the assignment that "the court erred in directing a
verdict for the defendant."   The case appears to be in a
nutshell, no testimony being offered by the defense, and
there was no possible uncertainty as to what was meant.
In *Michigan Mut. Life Ins. Co.* v. *Mather,* 113 Mich.
357, the assignment was that the court erred in refusing
to direct a verdict for the defendant.   The question does
not appear to have been raised, and the case was affirmed
on other points.   The decisions are uniform upon the
question, unless the case of *Conely* v. *Dudley, supra,*
should be thought to be inconsistent.   It was looked upon
as exceptional, and was not intended to change the rule,
but, rather, as not being within the rule, because not
within its reason; the only possible question being whether
there was evidence requiring the submission of the case to
the jury.

It is unnecessary to consider other questions.   The
judgment is affirmed.

The other Justices concurred.