THOMPSON *v.* CITIZENS' STREET-RAILWAY CO.

APPEAL—ASSIGNMENTS OF ERROR—REVIEW.

*1. An assignment of error that "the court erred in charging the jury upon its own motion as a whole, its entire tenor and effect being prejudicial to the rights of the plaintiff," is too general, and will not be considered, where neither the brief nor the assignment points out specific objections.

2. Where plaintiff preferred 16 requests, and defendant 78, an assignment that "the circuit judge erred in so granting and refusing requests, and in so charging the jury, as to bring in a verdict of not guilty," is too general, and will not be considered.

Error to Kalamazoo; Smith (Clement), J., presiding. Submitted October 11, 1900. Decided November 13, 1900.

Case by William Thompson, administrator of the estate of Samuel T. Thompson, deceased, against the Citizens' Street-Railway Company, for the alleged negligent killing of plaintiff's intestate. From a judgment for defendant, plaintiff brings error. Affirmed.

The defendant operates in the city of Kalamazoo an electric street railway, with a double track through Main street, with the center-pole construction. The poles are erected midway between the two tracks, with arms extending from the top over each track, on which are stretched the wires. This construction was authorized by the city authorities. At the time of the accident, June 28, 1895, open cars were in use, with seats extending from side to side. Each car was supplied with a foot-board on each side. The distance from the outer edge of the foot-board to the poles was about 15 inches. The distance between the side of the car and poles was $23\frac{1}{2}$ inches. A band concert was being held at Lake View, outside the city.

* Head-notes by GRANT, J.

The cars were crowded, and passengers were standing upon the foot-boards of the cars. The deceased, then 17 years old, ran across one track, and, in his attempt to board the car, fell and was killed. The negligence charged is:

1. That the trolley poles were not placed at a safe distance from the inside rails of the parallel tracks.

2. That no guards or screens were placed along the inside of the cars to exclude entrance to the car from that side.

3. That the car was propelled at an unlawful rate of speed.

4. That defendant permitted its cars to be so crowded as to endanger the safety of passengers riding thereon.

The deceased and a companion named Strong were standing upon the sidewalk when the two cars (one a trailer) approached. The deceased proposed to Strong to take the car for Lake. View. Strong told him to wait for the next car. He told him this because the car was so crowded. Deceased, however, ran and tried to board the car when it was in motion, and without signaling that he desired to board it. It is claimed that he was struck by the pole and knocked under the car. Plaintiff's testimony tended to show that the deceased safely reached the car, and stood upon the foot-board, with his hands upon the side of the car, when he was struck. Defendant's testimony tended to show that he was trying to catch on to the running-board on the side of the car, when he was struck by the pole and fell, and that an employé of defendant, standing upon the rear trailer, called out to him, "Don't try to catch this car." The case was submitted to the jury, who found a verdict for the defendant.

*N. H. Stewart*, for appellant.

*Osborn, Mills & Master*, for appellee.

GRANT, J. (*after stating the facts*). Counsel assigns as error that "the court erred in charging the jury upon its own motion as a whole, its entire tenor and effect being

prejudicial to the rights of the plaintiff." The brief fails to point out in what respect the charge is, for this reason, erroneous. A careful reading of the charge convinces us that the claim of the learned counsel is without force. Every question of negligence on the part of the defendant and of contributory negligence on the part of the deceased was submitted to the jury, with a full and correct statement of the law.

Counsel further urges that "the circuit judge erred in so granting and refusing requests, and in so charging the jury, as to bring in a verdict of not guilty." None of the numerous requests given or refused were pointed out, and the counsel wholly fails to state in what respect it was error to give or refuse any of them. Counsel for plaintiff preferred 16 requests, and counsel for defendant 78. This court will not hunt through a record to determine whether there was error in giving or refusing requests, unless they are specifically pointed out by counsel in their briefs.

Several assignments of error relate to the admission and rejection of testimony. We find no error in any of them. It is not important to discuss them.

The motion for a new trial was properly denied.

Judgment affirmed.

The other Justices concurred.