O'NEIL *v.* NEWMAN.

1. APPEAL—ASSIGNMENTS OF ERROR—GENERALITY.

An assignment of error that "the court erred in admitting improper evidence to go to the jury on the part of the plaintiff" does not comply with the rules, and will not be considered.

2. PLEADING—EVIDENCE—VARIANCE—DOGS.

In an action for killing "a certain beagle hound dog," a motion to take the case from the jury because the evidence showed the dog to be part fox and part beagle hound was

properly denied, where the defendant did not object to the testimony, and admitted by his counsel that he killed the dog.

3. SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.

Where, in an action for killing a dog, defendant claimed the .dog was a trespasser and chasing his sheep, and one of plaintiff's witnesses testified that he saw defendant kill the dog, and that there were no sheep in the inclosure, but they were in an adjoining inclosure, feeding, the case was properly submitted to the jury.

Error to Charlevoix; Mayne, J. Submitted January 13, 1903. (Docket No. 32.) Decided March 23, 1903.

Case by Thomas O'Neil against Austin C. Newman for killing plaintiff's dog. From a judgment for plaintiff, defendant brings error. Affirmed.

*Ira G. Mosher,* for appellant.

*Fitch & Fitch,* for appellee.

MOORE, J. This suit was commenced in justice's court. Plaintiff sued and obtained judgment for the value of a dog killed by defendant. It was appealed to the circuit court by defendant, where a jury gave the plaintiff a verdict of $12. The defendant has brought the case here by writ of error.

Many of the assignments of error are of as general a character as the following: "The court erred in admitting improper evidence to go to the jury on the part of the plaintiff." These assignments of error do not comply with the rules, and will not further be referred to. See Cir. Ct. Rule 47; Sup. Ct. Rule 11; *Tupper* v. *Kilduff,* 26 Mich. 394; *Wheeler & Wilson Manfg. Co.* v. *Walker,* 41 Mich. 239 (1 N. W. 1035); *Alberts* v. *Village of Vernon,* 96 Mich. 549 (55 N. W. 1022); *Hecock* v. *Van Dusen,* 96 Mich. 573 (55 N. W. 1024); *Jackson Bridge & Iron Co.* v. *Insurance Co.,* 122 Mich. 433 (81 N. W. 265); *Pichler* v. *De Hate,* 125 Mich. 247 (84 N. W. 138); *Thompson* v. *Street-Railway Co.,* 125 Mich. 249 (84 N. W. 132).

It is assigned as error that the judge refused to take the case from the jury on account of a variance between the declaration and the proofs. In the declaration the dog which was killed was described as "a certain beagle hound dog." Defendant pleaded the general issue, and gave notice by way of defense that plaintiff's dog was trespassing on defendant's premises, and was chasing and worrying the sheep and lambs of defendant. There was a trial in justice's court upon the merits. Upon the trial in the circuit court plaintiff testified that he was the owner of a beagle hound fox dog, part fox and part beagle. No objection was made to the admission of this testimony. Later a witness produced on the part of the plaintiff, who knew his dog, was giving testimony relating to the way in which defendant killed it, when counsel for defendant stated, "We admit killing the dog." After the proofs were closed on the part of the plaintiff, defendant moved the court to take the case from the jury, because the proofs show the dog which was killed was a cross between the beagle and common hound, while the declaration is for the killing of a beagle hound dog. This motion was overruled. There is nothing in the record to show that a dog such as the proof discloses this one was would not properly be described when designated as a beagle hound dog. As already stated, the testimony of plaintiff was allowed to come in without objection, and the defendant admitted in open court the killing of the dog described by plaintiff. He was not misled by the pleadings or surprised by the proofs. We do not think the court erred in overruling the motion.

It is said there is no evidence to support the finding of the jury. We cannot agree with this claim. Defendant claimed the dog was a trespasser on his premises, and was chasing or worrying his sheep and lambs. At least one of the witnesses for plaintiff, who saw the defendant kill the dog, testified that there were no sheep and lambs in the inclosure where the dog was killed; that they were in an adjoining inclosure, and were feeding. An issue of fact

was presented by the testimony, which was properly left to the jury.

Plaintiff claims the appeal is vexatious, and asks for additional costs. We are not satisfied the appeal is vexatious, and decline to give additional costs.

Judgment is affirmed.

The other Justices concurred.