ALLEGREZZA *v.* SCALCUCCI.

1. SALES—PURCHASERS AFTER INSPECTION MAY NOT COMPLAIN OF
   CONDITION.
   Purchasers of a carload of grapes, who accepted them after
   unlimited opportunity for inspection, may not complain, in
   an action for the purchase price, of the condition of the
   grapes; the rule of *caveat emptor* applying.

2. SAME—PURCHASERS ACCEPTING AFTER INSPECTION BOUND TO
   PAY MARKET VALUE ALTHOUGH NO MEETING OF MINDS AS TO
   KIND.
   Where the seller of a carload of grapes misstated to the pur-
   chasers the kind of grapes shipped, there was not a meeting
   of minds, but the purchasers, who accepted them after in-
   spection, are bound to pay therefor the fair market value
   at the time and place of such acceptance.

Error to Iron; Flannigan (Richard C.), and Bell (Frank A.), JJ. Submitted April 4, 1929. (Docket No. 71, Calendar No. 33,671.) Decided June 3, 1929.

Assumpsit by Dominic Allegrezza against John Scalcucci and others for the purchase price of fruit. From a judgment for plaintiff, defendants bring error. Affirmed.

*Fred F. Murphy,* for plaintiff.

*August J. Waffen,* for defendants.

NORTH, C. J. The defendants in this case were fruit merchants at Iron River, Michigan. They desired to purchase a carload of grapes from the plaintiff and they both wrote and wired to him relative thereto. Thereupon the plaintiff replied by wire that he had a carload of grapes on the tracks at Iron River, a part being muscat grapes, which he offered for $45 per ton, and the remainder zinfandell grapes which he offered at a price of $85 per ton, all f. o. b. California. This wire authorized inspection of the car by the defendants, gave them the price of $994.40, and requested that, if the shipment was found satisfactory, the purchase price be wired to the plaintiff immediately. The defendants inspected the car in question September 29, 1924, and wired the plaintiff as follows:

"Will accept car check will be sent by mail."

Following the inspection and acceptance of the shipment, the defendants proceeded to unload the car, which they claim required several days. October 6th defendants wrote to plaintiff complaining about the condition of the shipment and also that

instead of being in part muscats there were no grapes of this variety but the shipment was made up of zinfandell and malaga grapes. However, there is testimony that "the malaga grape has more value in the market than the muscat." The defendants declined to make payment and asserted that the grapes were not worth more than the freight charge of $641.13, which they had paid. The plaintiff brought suit for the purchase price. There was trial by jury, and a verdict rendered in favor of the plaintiff. Defendants have brought the case to this court by writ of error.

The errors assigned are as follows:

"1. That the trial court erred in excluding from the evidence testimony tending to show that the carload of grapes, which was rejected by the original purchaser and is the subject-matter of this suit, and which was subsequently resold to the defendants, was rejected because the grapes were not of the kind and quality as required and contracted for, but were of a different kind and of an inferior quality and in the process of decay.

"2. That the trial court erred in excluding testimony in part showing the extent to which inspection of the car was practical and possible as a business venture and proposition.

"3. That the trial court erred in ruling on the admissibility of evidence, and discussed the same in such a manner as to impress the jury trying said cause that all the grapes were inspected as far as defendants saw fit to inspect them, which was not the fact nor the testimony in this cause.

"4. That the trial court erred in instructing the jury as follows: 'The defendant had the opportunity to make such inspection as he saw fit, and he did so. He didn't go further, and know more definitely what was in the car; that was his own fault,

and not the fault of the plaintiff. Having gone as far as he saw fit to go with his inspection, he accepted the car' omitting to direct the attention of the jury to the fact that before inspection could be made of the car, as shown by the testimony, the defendants had to pay the freight, amounting to $641.13, and were therefore obliged to take the car to salvage their own losses on account of the freight paid, as far as the contents of the car, when accepted by the defendants, would permit."

The first three assignments of error above quoted might be disposed of summarily by simply noting that they do not conform to the Supreme Court Rule No. 11, which provides:

"Every assignment of error on such writ (of error) shall be special, and no judgment or proceedings shall be reversed or annulled for any other defect or error than such as shall be thus specially assigned."

See *O'Neil* v. *Newman,* 132 Mich. 489, and cases there cited.

But notwithstanding the insufficiency of the assignments, we have gone over the record carefully and are satisfied that the rulings of which complaint is made were not erroneous. An unlimited opportunity for inspection was afforded to the defendants by the plaintiff. If they saw fit to accept the shipment without making as thorough an inspection as should have been made they cannot now be heard to complain. The assignment of error based on the charge to the jury is without merit. The rule of *caveat emptor* applies. *Baker* v. *Kamantowsky,* 188 Mich. 569; *E. P. Stacy & Sons* v. *Moher,* 200 Mich. 81. The circuit judge held that because of the misstatement in the plaintiff's telegram as to the kind

of grapes shipped in the car, there was not a meeting of minds of the parties to the transaction; but, that since the shipment was accepted by the defendants after inspection they were bound to pay therefor the fair market value at the time and place of such acceptance. This holding was not prejudicial to defendants' rights. The issue was properly submitted to the jury. As stated above, the plaintiff had a verdict, and we find no reason for disturbing the judgment entered thereon. The case is affirmed, with costs to the appellee.

FEAD, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.