PEOPLE, *for use of* YOUNGS, *v.* UNITED STATES FIDELITY & GUARANTY CO.

1. Appeal and Error—Assignments of Error—Court Rules.
   Assignment of error that court erred in entering summary judgment for plaintiff, *held*, not to conform to Court Rule No. 59, § 3d (1931), and not to reasonably inform plaintiff as to nature of error relied on.

2. Judgment—Summary Judgment—Opportunity for Cross-Examination—Appeal and Error.
   Where in materialman's action on contractor's bond, plaintiff established by proper proof that he was entitled to judgment, and defendant showed no defense, summary judgment was properly entered notwithstanding defendant's objection that it had no opportunity to cross-examine plaintiff (Court Rule No. 30 [1931]).

3. Municipal Corporations—Contractor's Statutory Bond—Sub-contractor—Materialmen.

> Firm agreeing to furnish materials for sewage treatment plant in strict accordance with engineers' plans and specifications, and to make deliveries in accordance with contractor's instructions, was subcontractor, entitling one furnishing it material and labor to protection of contractor's bond.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 20, 1933. (Docket No. 99, Calendar No. 37,154.) Decided June 5, 1933.

Assumpsit by People of the State of Michigan for the use and benefit of Kenneth Youngs against United States Fidelity & Guaranty Company of Baltimore, a Maryland corporation, on a public works surety bond. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*James R. Breakey, Jr.,* for plaintiff.

*Cook, Sheppard & Stipes,* for defendant.

Butzel, J. W. E. Wood Company entered into a contract with the city of Flint, Michigan, for the construction of a sewage treatment plant in accordance with plans and specifications furnished by Hoad, Decker, Shoecraft & Drury, engineers, and executed a bond to the city as obligee, and with defendant United States Fidelity & Guaranty Company of Baltimore, a Maryland corporation, as surety, in the sum of $479,000. One of the conditions of the bond was as follows:

"Now, therefore, the condition of this obligation is such, that if the above-named principal, legal representatives, or successors shall pay or cause to be paid to all subcontractors, persons, firms, and corporations, as the same may become due and payable,

all indebtedness which may arise from said principal to a subcontractor or party performing labor or furnishing materials, or any subcontractor to any persons, firm, or corporation on account of any labor performed or materials furnished in connection with the contract, construction and work herein referred to, then this obligation shall be void; otherwise to remain in full force and effect.

"This bond is given upon the express condition that any changes, alterations, or modifications that may be hereafter ordered or made in the construction and complete installation of the work herein referred to, or the placing of an inspector or superintendent thereon by the city of Flint shall not operate to discharge or release the surety or sureties thereon."

In order to carry out its contract, W. E. Wood Company entered into another agreement with Clyde W. Peterson and Lulu Peterson, a copartnership doing business as the River Gravel Company, who contracted to furnish certain filter material, concrete aggregate, road gravel, and other materials necessary for the construction of the sewage treatment plant, "all of this material to be in strict accordance with the plans and specifications prepared by Hoad, Decker, Shoecraft & Drury, engineers." The approximate amount, size and kind of the materials to be supplied were specified in the contract. Delivery was to be made at such times as directed by contractor's representative on the job.

The River Gravel Company in turn gave a subcontract to Kenneth Youngs, who agreed to supply materials, perform labor and furnish the use of a Northwest Dragline with the labor and services of three operators, to be employed in excavating certain pebbles, concrete aggregate, and road gravel necessary in the construction of the sewage treatment plant.

Before the River Gravel Company had fully completed its subcontract, it surrendered it and assigned such amount as was due from the W. E. Wood Company to the Flint Citizens Loan & Investment Company. It also furnished the W. E. Wood Company with a sworn statement showing a balance of $23,400.25 due materialmen, subcontractors, etc., naming them and the amount due each of them. The statement failed to name plaintiff or the amount due him. The W. E. Wood Company, relying upon the correctness of the sworn statement, made payment accordingly. The plaintiff was hired by the W. E. Wood Company to complete his subcontract and was paid for all labor and materials furnished after the W. E. Wood Company had taken over the gravel company's contract. Plaintiff was denied payment of the sum of $2,327.04 which he claims was still due him from the River Gravel Company when the latter surrendered its contract. No claim whatsoever is made that the plaintiff was in any way responsible for the incorrectness or falsity of the sworn statement made by Peterson. Proper and timely notice of the furnishing of materials for public improvement was given to the city clerk of Flint, Michigan, and to the W. E. Wood Company and defendant surety.

Upon failure of the W. E. Wood Company to pay the balance due plaintiff from the River Gravel Company, the present suit was instituted by the people of the State of Michigan for the use and benefit of Kenneth Youngs, against defendant surety. After the filing of the declaration, bill of particulars, and answer, the plaintiff moved for summary judgment. The motion was accompanied by an affidavit setting forth the claim and many of the foregoing facts, copies of the bond, the contract between the W. E. Wood Company and the River

Gravel Company, and the "notice of furnishing material for public improvement," as well as an affidavit by Peterson, admitting that there was $2,327.04 due the plaintiff from the gravel company on the subcontract. An affidavit of merits was filed by an officer of the W. E. Wood Company, which in no way denied the facts upon which plaintiff's claim was based, but stated that it had no knowledge, information, or belief as to whether there were any moneys due or not, and set forth the sworn statement given by Peterson following default upon his contract in which no mention is made of any moneys due plaintiff. The affidavit further stated that the River Gravel Company was not a subcontractor but a materialman, and that, therefore, there was no liability to use-plaintiff under the bond. The trial judge entered a summary judgment in favor of plaintiff, and the bonding company appeals.

Appellant's sole assignment of error is as follows:

"That the court erred in entering summary judgment in favor of plaintiff."

This assignment of error does not conform to Court Rule No. 59, § 3d (1931), nor does it reasonably inform plaintiff-appellee as to the nature of the error upon which appellant relies. In *Jackson Bridge & Iron Co.* v. *Lancashire Ins. Co.,* 122 Mich. 433, the only assignments of error were:

"(1) that the court erred in directing a verdict for the plaintiff; (2) that the court erred in not directing a verdict for the defendant."

The court held that the assignment of error was too general, refused to consider the questions raised, and affirmed the judgment, quoting from *Johnson* v. *Ballou,* 25 Mich. 460, as follows:

"The right to review rests, therefore, on the last paragraph in the third assignment of error, and·it is that the judge erred 'in directing the said jury to find a verdict in favor of the defendant.' It is manifest that this assignment of error affords no light as to what specific objections are leveled at the ruling excepted to. It assumes that a fault is lurking somewhere in the record, which judicial scrutiny may discover, but it fails to indicate in any way either where, or what, the fault is. By recurring to the briefs, we are led to understand that the parties wish to elicit an opinion upon several topics, which, as already stated, are not before us in such shape as to render it prudent to examine them."

See, also, *Wheeler & Wilson Manfg. Co.* v. *Walker,* 41 Mich. 239; *Alberts* v. *Village of Vernon,* 96 Mich. 549; *Hecock* v. *Van Dusen,* 96 Mich. 573; *Gold* v. *Railway,* 169 Mich. 178. We believe it well to call the attention of the profession to the necessity of complying with Court Rule No. 59, § 3d, even where a summary judgment has been entered.

Defendant claims that it had no opportunity to cross-examine plaintiff. It relies upon the case of *Caswell* v. *Stearns,* 257 Mich. 461, in which we held, on an appeal from the warrant and report of the commissioners on claims appointed by the probate court, that neither the statutes nor the rule relating to summary judgments were designed to operate as a practical repeal of the law of probate requiring affirmative proof of claims against the estates of decedents. Section 6 was added to Court Rule No. 30 (1931) in order to overcome objections founded on a lack of opportunity to cross-examine. Defendant did not deny facts upon which the plaintiff's claim was founded. Plaintiff, on the other hand, established proper proof that he was entitled to a

judgment. Defendant showed no defense to the action. Judgment was properly entered.

Defendant further claims that the River Gravel Company was simply a materialman from whom the W. E. Wood Company purchased, and that, therefore, use-plaintiff was not protected by the provision in the bond obligating principal to pay any indebtedness owing from ''any subcontractor, to any persons, firm, or corporation on account of any labor performed or materials furnished in connection with the contract, construction, and work herein referred to.'' We do not believe that there is any question but that the River Gravel Company was a subcontractor. It agreed to furnish the materials for the sewage treatment plant ''in strict accordance with plans and specifications prepared by Hoad, Decker, Shoecraft & Drury, engineers,'' and to make deliveries in accordance with the instructions of the W. E. Wood Company's representative on the job. We believe that this case comes squarely within the holding in *Avery* v. *Ionia Board of Supervisors,* 71 Mich. 538. See, also, *People, for use of Buhl Sons Co.,* v. *Finn,* 162 Mich. 481; *People, for use of Winkle Terra Cotta Co.,* v. *Cotteral,* 119 Mich. 27; *People, for use of Davis,* v. *Campfield,* 150 Mich. 675.

The judgment is affirmed, with costs to plaintiff.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.