## Abner C. Johnson v. Dexter A. Ballou.

*Trover: Confusion of personal property: Question of fact.* In an action of trover
for a large quantity of logs, where there is no controversy as to the plaintiff's
right to recover for a portion of the logs claimed, except that they were
claimed to have been inextricably commingled with the defendant's logs, and
evidence of such commingling is given, it is erroneous for the court to rule as
matter of law, that the plaintiff is not entitled to recover for any of the logs;
the question of such admixture in this case, was one of fact for the jury.

*Charge to the jury: Error rendered immaterial.* Where the court in charging
the jury proceeds first to lay down several specific propositions, apparently to
guide them in their deliberations, and finally closes by requiring them to find
for the defendant, and this instruction is obeyed, assignments of error relating
to such specific propositions, are superseded and rendered immaterial by the
final ruling.

*Assignments of error must be specific.* An assignment of error, that the court
" erred in directing the jury to find a verdict in favor of the defendant," is
too general to comply with the rule in that regard.

*Submitted on briefs July 13.   Decided October 8,*

Error to Bay Circuit.

*Green & Scofield* and *A. B. Maynard,* for plaintiff in error.

*A. McDonell* and *E. W. Meddaugh,* for defendant in error.

GRAVES, J.

This is a writ of error to the circuit court for the
county of Bay.    The action was trover by the plaintiff in
error, for the alleged conversion of a large quantity of pine
logs.

The case raises several questions of some difficulty and
importance, but, as the submission has been upon briefs,
and the record is obscure, if not contradictory, and there is
another point on which we think the judgment should be
reversed, the court will confine its opinion to that, on which
no doubt is entertained.    When the evidence was closed,
the circuit judge, in addressing the jury, proceeded in the

first place, to lay down certain specific propositions which were intended, as would seem, to serve as guides in their deliberations; but he finally closed by requiring them to find for the defendant, and this instruction was obeyed. There are six assignments of error; of which three, the fourth, fifth, and sixth, relate to the admission of evidence, and are understood from the briefs to have been abandoned. The first and second assignments, and all of the third and remaining one except the last sentence, relate exclusively to those propositions in the charge which preceded the direction to find for the defendant, and which were superseded. and rendered immaterial by the ruling.

The right to review rests, therefore, on the last paragraph in the third assignment of error, and it is, that the judge erred "in directing the said jury to find a verdict in favor of the defendant."

It is manifest that this assignment of error affords no light as to what specific objections are leveled at the ruling excepted to.    It assumes that a fault is lurking somewhere in the record, which judicial scrutiny may discover; but it fails to indicate in any way, either where, or what the fault is.    By recurring to the briefs, we are led to understand that the parties wish to elicit an opinion upon several topics, which, as already stated, are not before us in such shape as to render it prudent to examine them.

If the record is not misapprehended, there is one objection which is plainly fatal.

There seems to have been no controversy as to Johnson's right to recover for the logs cut on section 21, except that they were claimed by Ballou to have been inextricably commingled with the others which he had purchased of Monroe, and evidence was given on his part to prove such commingling.

If there was no such fraudulent admixture as claimed,

there would seem to have been no objection to a recovery as to them, and whether there was or was not such admixture, was a question for the jury upon the evidence under proper instructions, and not a question for the court. The court appears, however, to have ignored this circumstance, and to have ruled, as matter of law, that the plaintiff was not entitled to recover for any of the logs. In so doing the court assumed to decide upon the fact of admixture, which depended upon the view the jury might take of the evidence on that subject.   For this the judgment should be. reversed.

While it would be desirable to meet the apparent wish of counsel, that we should pass upon several important questions, and among them, one relating to the status of certain railroad lands, and of section sixteen, in township fourteen north, of range four east, I think it would be hazardous to do so under the embarrassments occasioned by the manner in which those questions are brought forward. Another trial, if one is had, can scarcely fail to develop a state of facts more favorable to a safe determination of these questions.

The other Justices concurred.