MELVINA R. McCAMMON AND HANNAH RICE v. THE DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

*Ejectment—Pleading—Amendment—Dower—Deed—Evidence— Principal and agent.*

1. In a suit in ejectment to recover land owned by a daughter subject to the *unassigned* dower right of her mother, the declaration averred a *joint* ownership *in fee*, and an amendment was allowed adding a count averring such ownership in the daughter *alone*.

Held, not to introduce a new cause of action, and of no consequence, except for the purpose of perfecting the record; the jury being authorized to render a verdict for the daughter without the amendment, under How. Stat. § 7815, subd. 2.

2. *Unassigned* dower is but a right in action, and is not a bar to a recovery in ejectment by the owner of the fee.

3. In an ejectment suit against a railroad company to recover a par-

---

cel of land occupied as right of way, it appeared that the deed from the plaintiffs, under which the defendant claimed, described a *different* piece of land than the one occupied by the defendant, who showed that its road was located and its road-bed graded over the parcel so occupied at the time of the execution of said deed, which defendant claimed was executed with knowledge of such location on the part of the grantors, and with express reference thereto; and defendant claimed that there was a *latent* ambiguity in the deed, explainable by extrinsic evidence, and further claimed an equitable estoppel against plaintiffs' present claim.

*Held*, that the deed contained no latent ambiguity, its terms being clear, distinct, and certain; and that the question of *estoppel* having been submitted to the jury in accordance with the views of defendant's counsel, and the jury having found against the defendant on that issue, the verdict will not be disturbed, whether such submission was right or wrong.

4. In *such* a case a letter from the general manager of the railroad company to an attorney for the plaintiffs, written before the commencement of suit, in which he stated, in substance, that the deed did not cover the premises in dispute, and how the mistake in the description might have occurred, and expressed a willing-ness to pay for the additional land, and take a deed therefor, and redeed the land originally conveyed, was admitted in evidence on the part of the plaintiffs.

*Held*, that the capacity in which the writer was acting was sufficient to warrant the admission of the letter in evidence.

Error to Ingham. (Howell, J., presiding.) Argued April 22, 1887. Decided June 23, 1887.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles B. Lothrop,* for appellant:

It cannot be claimed that a general manager of a railroad, any more than any other employé, can admit away the title of his principal to land or other property: *Michigan Paneling, etc., Co. v. Parsell,* 38 Mich. 475; *Bond v. Pontiac, Oxford & Port Austin R. R. Co.,* 62 Id. 643.

*Cahill & Ostrander,* for plaintiffs.

SHERWOOD, J.   This is an action of ejectment brought by the plaintiffs to recover of the defendant the possession of about six acres of land in the city of Lansing.   The defendant pleaded the general issue.   The cause was tried in the Ingham circuit, before Hon. Andrew Howell, circuit judge of the First judicial circuit, by jury.   The plaintiff McCammon recovered, and the defendant brings error.

Four errors are assigned.   The third, which we consider first, relates to an amendment allowed to the declaration at the close of the trial.   The declaration, as originally filed, joined, with Melvina R. McCammon, Hannah Rice, and alleged that they were jointly entitled to the land in fee. On the trial it appeared from the testimony that the plaintiff McCammon owned the land in fee, and that Mrs. Rice was her mother, and entitled only to a dower interest therein; and that, without any assignment of the dower, the mother and daughter had always occupied the land together.   Counsel for defendant objected to any recovery being had by the plaintiffs, or either of them, under the declaration, and thereupon the plaintiffs were permitted to amend the declaration by adding a count claiming title in fee in Mrs. McCammon alone.   This was done against the objection of defendant's counsel that the new count introduced a new cause of action into the case, which was barred by the statute of limitations.

If the grounds of the objection had been sustained, I have no doubt the ruling of the court would have been erroneous; but the claim in the new count was not barred, neither did it introduce into the plaintiffs' claim a new cause of action.   It was the possession of the property mentioned in the plaintiffs' declaration that formed the issue in both cases.   The amendment was of no consequence, except as perfecting the record.   It would have been entirely competent for the jury

to have found the verdict they did without the amendment, under the statute.   How. Stat. § 7815, subd. 1.[1]

The dower interest of Mrs. Rice had not been assigned. It was but a right in action, and was no bar to Mrs. McCammon's right to recover the possession of the fee.[2] *Rayner v. Lee,* 20 Mich. 384; *Stewart v. Chadwick,* 8 Clarke (Iowa), 463; *Cox v. Jagger,* 2 Cow. 651; *Shields v. Batts,* 5 J. J. Marsh. 12.

The deed contains no latent ambiguity. Its terms are clear, distinct, and certain.   It does not convey to the defendant the land mentioned in the declaration.   The amount claimed is larger than that contained in the deed.   There is no pretense that the deed covers it, or any portion of it, by the description contained in it; and as to the defense that the defendant is entitled to an estoppel, as against the plaintiff McCammon, on equitable considerations, it cannot be sustained.   This question, or rather the facts upon which the question is made, it appears, were submitted to the jury; and, whether right or wrong, the defendant is in no situation to complain of the result, as the court adopted the views of defendant's counsel in so doing.   The verdict is against the defendant, and I do not think we should disturb it upon that point.

In speaking upon this subject the learned circuit judge said to the jury:

"One of the first things for you to examine is whether the railroad company now occupies the strip of land which was deeded to them.   And if the company does not occupy that strip, but occupies another for which they have no deed, then, can Mrs. McCammon now recover for that other strip

[1] How. Stat. § 7815, subd. 2, provides that "If it appear [on the trial] that one or more of the plaintiffs have a right to the possession of the premises, and that one or more have not such right, the verdict shall specify for which plaintiff the jury find, and as to which plaintiff they find for the defendant."

[2] See *Galbraith v. Fleming,* 60 Mich. 408, as to right of widow to bring ejectment for dower, in whom such right is *alone* vested prior to assignment.  See *Burrall v. Bender,* 61 Id. 608 (head-note 3) on same subject.

which is occupied? If, at the time this deed to the Detroit, Howell & Lansing Railroad was executed and delivered, the railroad was located and was worked and excavated across Mrs. McCammon's land, on the line which it now occupies, so as to have enabled her to know just where the line was which the railroad company wanted and sought to buy (and if she saw the line as it was located, the work that was done indicated to her where the land was that they wanted); and if the work done indicated to her and showed her plainly that the land that they wanted, and supposed they were buying, is the land they now occupy; and if the railroad company supposed that they were buying that land; and if she and her mother, when they made the deed, supposed they were selling the land which is now occupied,—intended to sell it to the railroad company; and if they acquiesced in the railroad company going on and completing its work, finishing its road, and put it in operation, without objection, they knowing from observation just where the road had its track located, — then I think that Mrs. McCammon is now estopped from saying that she did not deed to the company the land which it now occupies; she would thereby be prohibited from recovering in this suit.

"If, on the other hand, Mrs. McCammon did not know, except as she was told by the railroad company, as to where the land was that they wanted; if all she knew about it was the description they gave her upon paper,—the company or its agents gave her upon paper; and she took that and deeded according to that description, without examining the land or knowing where the road ran across it, relying upon the description given by the company, and put in the deed by the company, as being correct,—why, then, I think she should not be estopped."

Defendant's counsel also submitted the following special question for the jury to answer:

"Did Mrs. McCammon know, at the time the deed of March 8, 1871, was made to the said Detroit, Howell & Lansing Railroad [the defendant's grantor], that the road-bed of said railroad had been theretofore actually and practically located?"

The jury answered, "No;" and while it appears the road-bed of said company was actually and practically located over the land described in the declaration, where the same now is, it

fully appears by the testimony of the plaintiff that up to the time she made the deed, and for several months thereafter, she did not even know the boundaries of the tract of her land which the railroad crossed, and did not see or know, during the same period, the location of the survey of the right of way across her land, and which she conveyed to the company.

J. B. Mulliken was general manager of the defendant's road, and Mr. Dart was attorney for plaintiffs in some preliminary matters relating to the occupancy of the premises in question, and as to their identity with those mentioned in the deed, previous to bringing this suit; and Mr. Mulliken had written Mr. Dart a letter upon the subject, stating, in substance, that the deed did not cover the premises in dispute; that it must have occurred through mistake, etc. This was introduced in evidence by plaintiffs' counsel against the objection that it was incompetent, hearsay, and unauthorized by the defendant, and could not bind it. The fact of the agency fully appeared, and the capacity in which he was acting was sufficient to admit the letter in evidence, and for the same reasons the conversations had between these two men were admissible.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.