MELVINA R. McCAMMON AND HANNAH RICE v. THE DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

[See 66 Mich. 442.]

*Practice in Supreme Court—Assignments of error—Deed—Recording laws—Evidence—Mortgage foreclosure—Sheriff's deed.*

1. Where the correctness of the ruling of the court in directing a verdict depends entirely upon the correctness of prior rulings admitting certain evidence, error should be assigned upon such earlier rulings as well as upon such direction.

2. An objection to the introduction in evidence of the record of a deed executed in another state, and certified so as to entitle it to record under the law *then* in force in this State, on the ground that the certificate does not show another fact made essential by a later statute, is untenable.

8. The introduction in evidence of a sheriff's deed executed on the foreclosure by an assignee of a mortgage by advertisement under chapter 218, Comp. Laws 1871, was objected to because:

    *a*—The notice of sale did not state at what particular place the sale would be made.

    *b*—The notice did not state where the assignment of the mortgage was recorded.

*c*—The notice did not assert that the sale would be made to the highest bidder.

*d*—There was no proof that any showing was furnished the sheriff prior to or at the time of the sale that the notice of sale had ever been published at all.

*e*—There was no proof that the mortgaged premises were offered for sale, bid upon, or struck off to the highest bidder.

*f*—There was no proof that the deed was "forthwith" deposited with the register of deeds.

And said objections are disposed of as follows:

*a*—"At the court-house in the village of Mason, Ingham county" (being the county in which the mortgaged premises were situated), sufficiently described the place of sale.[1]

*b*—A failure to give the book and page where the assignment was recorded was not a fatal omission, its date and the date of its record being given.

*c*—An "auction sale" implies a sale to the highest bidder, and it will be presumed that a sale, made pursuant to a notice that the mortgaged premises would be sold at public auction, was made to the highest bidder.

*d*—The production of copies of the newspaper in which the notice of sale was published, showing its publication for 13 consecutive weeks prior to the sale, was sufficient proof of the publication required by the statute, and it was not necessary that the sheriff should, at the time of the sale, have an affidavit of such publication before him.

*e*—In the absence of proof in the printed record that the sheriff's deed was filed with the register of deeds, it will be presumed that the deed was so filed.

*f*—The sheriff's deed, which (as appears by the original record) was filed on the day of the sale, but not acknowledged by the sheriff until five days afterwards, was notice to the mortgagor, and he was not deprived of the right of redemption.

Error to Ingham. (Person, J.) Argued November 2, 1894. Decided December 18, 1894.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

---

[1] The statute provided that the sale should be made "at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated."

*M. V. & R. A. Montgomery,* for appellant.

*Cahill & Ostrander,* for plaintiffs.

GRANT, J. After the decision in 66 Mich. 442, defendant took a new trial under the statute, at which the plaintiffs again recovered judgment. In the chain of title shown by the plaintiffs upon the trial, the record of two deeds. was introduced, to each of which the defendant objected, upon the ground that the deeds were not properly certified to entitle them to record. The original deed executed by the sheriff of Ingham county upon a foreclosure sale by advertisement was also introduced, under objection and exception. The defendant introduced no evidence, and the court directed a verdict for the plaintiffs.

Only one error is assigned, viz., that the court erred in directing a verdict. The correctness of this ruling depends entirely upon the correctness of the ruling admitting these deeds. No error is assigned upon the admission of the testimony. We think counsel should have assigned error upon the rulings of the court admitting the evidence. *Johnson v. Ballou,* 25 Mich. 460; *Alberts v. Village of Vernon,* 96 Id. 549; *Hecock v. Van Dusen,* 96 Id. 573. We are, however, inclined, under the circumstances of this case, to dispose of it upon the merits.

Of the first two deeds above mentioned, one was executed in the state of New York and the other in Connecticut. Defendant's counsel suggest, rather than insist, that they were inadmissible, under *Brown v. Cady,* 11 Mich. 535. They were executed and recorded in 1839. The certificates attached thereto bear date, respectively, July 1 and July 12, 1839. The objection is that the certificates do not state that the deeds were executed according to the laws of these states. This was not required by the registry law then in force. Laws of 1839, Act No. 115, p. 219, § 34. This law only required the certificate

to state that "the officer taking the acknowledgment is such officer as by his certificate of acknowledgment he purports to be, duly commissioned and qualified."

The objections to the sheriff's deed are as follows:

"1. The notice of sale did not state at what particular place the sale would be made.

"2. It did not state *where* the assignment of the mortgage was recorded.

"3. It did not assert that the sale would be made to the highest bidder.

"4. There is no proof that any showing was furnished the sheriff prior to or at the time of the sale that the notice of sale had ever been published at all.

"5. There is no proof that the premises were offered for sale, bid upon, or struck off to the highest bidder.

"6. There is no proof that the sheriff's deed was 'forthwith' deposited with the register of deeds."

The notice of sale stated that it would take place at the court-house in the village of Mason, Ingham county. This description of the place was sufficient. The notice contained all the requirements of the statute. Comp. Laws 1871, § 6915.

An auction sale implies a sale to the highest bidder, and it will be presumed that it was so made.

The notice gave the date, time, and place of the record of the original mortgage, the date of the assignment, and the date of its record in the office of the register of deeds in Ingham county. The omission to give the book and page of the registry, as that was not required by the statute, was not a fatal defect.

Attached to the deed was a copy of the notice of sale, but no affidavit of its due publication. Plaintiffs produced upon the trial copies of the newspaper showing the publication of this notice for 13 consecutive weeks prior to the sale. This proved the publication required by the law. We are cited to no case which holds that the proof was not competent, or that it was necessary that the sheriff

should, at the time of sale, have before him an affidavit of such publication. The statute contains no such requirement, and the necessity of any such proof being made a part of the deed is rebutted by section 6926, which provides a method for perpetuating such evidence if the purchaser so desires.

It does not appear from the printed record that the sheriff's deed was filed with the register. In the absence of such proof, we think the correct rule is stated in *Sinclair v. Learned,* 51 Mich. 337,—that "it would seem that the presumption of law that an officer performs his duty ought to prevail until the fact is disproved." We find, however, upon an examination of the original record, that there is indorsed upon the deed, "Received and filed April 22, 1858, at 4 p. m.,"—the very date of the sale. The law was therefore strictly complied with. It appears, however, that the deed was not acknowledged by the sheriff until April 27; and it is contended that "the owner was thus cheated of the right of redemption by paying the register of deeds during that five days." A purchaser cannot thus be deprived of an otherwise valid sale. The deed was filed, and was notice to the mortgagor, and he cannot be held to have been deprived of the right of redemption.

Judgment affirmed.

The other Justices concurred.