CARVER v. DETROIT & SALINE PLANK-ROAD CO.

1. CERTIORARI—SUFFICIENCY OF EVIDENCE—ESTOPPEL.
   Plaintiff in *certiorari* is estopped to assert that there was no
   testimony to a certain point, where such testimony is plainly
   set out in his affidavit for the writ.

2. SAME—TECHNICAL OBJECTIONS.
   On *certiorari* to a justice, technical objections to the admission
   or exclusion of testimony, not affecting the merits of the
   case, should be disregarded.

3. VEXATIOUS APPEAL—COSTS.
   The appeal being wholly without merit, the appellee was
   awarded $25 additional costs.

Error to Wayne; Donovan, J. Submitted December
6, 1900. Decided May 7, 1901.

Case by Walter Carver against the Detroit & Saline
Plank-Road Company for an injury to plaintiff's horse
caused by a defect in defendant's toll road. From a judg-
ment for plaintiff, defendant brings error. Affirmed.

*Hamilton Baluss*, for appellant.

*J. Emmet Sullivan* and *Edward M. Vining*, for ap-
pellee.

MONTGOMERY, C. J. This case originated in justice's
court, where the plaintiff recovered a judgment for $10 for
damage to a horse by reason of the defective condition of
defendant's road. The defendant removed the case to
the circuit court by *certiorari*, and, on the judgment
being there affirmed, has brought the case here on error.

It is alleged that the proof was insufficient to support
the plaintiff's averments, and it is said there was no proof,
except an inference, that plaintiff's horse had stepped into
a hole in defendant's road. But the affidavit for *certio-*

*rari* sets out plaintiff's testimony, in which he testified, "My horse slipped into a hole on the defendant's road on the 30th day of March." The defendant is bound by the averments in its own affidavit.

It is also said in the brief of counsel that the declaration is not sufficient to admit the proof. The particular defect is not pointed out, nor have we been able to discover it.

The other questions relate to rulings on the offer of testimony. There was no conflict in proof as to the fact of the horse stepping into a hole in defendant's road. The rulings on the admissibility of testimony did not affect this question, and we are not able to see that any injury was done the defendant. The language of Justice CAMPBELL in *Cheney* v. *Russell*, 44 Mich. 620 (7 N. W. 234), which need not be here repeated, is quite appropriate to this case.

This appeal is wholly without merit, and the judgment will be affirmed, with $25 additional costs.

The other Justices concurred.