GENROW v. MODERN WOODMEN OF AMERICA.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.
   Assignments of error are sufficient when they fairly indicate the ground of error, though it is not precisely stated.

2. LIFE INSURANCE — ACTION ON POLICY — FALSE STATEMENTS IN APPLICATION—WAIVER.
   In an action on a life-insurance policy claimed to have been. void on the ground of false statements in the application, evidence examined, and *held*, that a claimed waiver because of truthful statements to the examining physician was not supported, it appearing that assured stated he did not know whether he had been rejected by any other company when in. fact he did know.

Error to Alpena; Emerick, J. Submitted January 23, 1908. (Docket No. 141.) Decided February 15, 1908.

Assumpsit by Ruth Genrow against the Modern Woodmen of America on a policy of insurance. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Joseph Cavanagh,* for appellant.

*Truman Plantz* and *James Francis,* for appellee.

Ostrander, J. In a suit by the beneficiary named in a certificate issued by defendant, it appeared that the application, which was made a part of the contract, contained questions, answers to which were warranted to be true, concluding with the following statement, signed by the applicant:

"I have verified each of the foregoing answers and statements from 1 to 36 inclusive, adopt them as my own, whether written by me or not, and declare and warrant that they are full, complete and literally true, and I agree that the exact literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers. * * * If any answer or statement in this application is not literally true * * * my benefit certificate shall be void."

A copy of this application was attached to the certificate when it was issued. The trial judge directed a verdict for defendant, and it is contended in this court that the case should have been submitted to the jury. Counsel for appellee make the point that errors are not specifically assigned. The assignments are not, however, subject to the criticism made in *Johnson* v. *Ballou,* 25 Mich. 460, and in *Jackson Bridge & Iron Co.* v. *Insurance Co.,* 122 Mich. 433, because the ground of error is fairly indicated if not precisely stated.

To the question, "Have you ever been rejected by any life-insurance company or companies, mutual benefit association or associations, or fraternal beneficiary society or societies?" the answer in the application was "No."

This was an untruthful answer, and it is conceded that unless defendant is estopped to rely upon it the certificate is void. As was stated by the trial judge in his remarks to the jury:

" The plaintiff claims, however, to meet that defense by showing that when he made his application, that he truly stated the real facts, so far as they were within his knowledge, to Dr. Bertram, at that time the commissioned camp physician of the camp of the Modern Woodmen to which Mr. Genrow was afterwards admitted."

The testimony fails to show that he truthfully stated to the physician, who wrote the answers, the real facts as he knew them. What he stated was, that he did not know whether he had been rejected by the Maccabees or not. Even this was not written as his answer. It is undisputed, however, that upon his earlier making an application to the Union Life Guards, a fraternal beneficiary society, he stated, in answer to a similar question, that he had been rejected and by the Maccabees. The trial judge was clearly right in his statements and conclusion, expressed by him as follows:

" Now, when this young man was asked the question of whether he had been rejected by any other society, he did not require any assistance to answer that question. He knew he had been rejected by the Maccabees, and the physician's testimony shows it. He says that Mr. Genrow told him he didn't know why they did not take him into the Maccabees. And four years before that, when he tried to be admitted into the Union Life Guards, he stated explicitly that he had been rejected by the Maccabees. He knew that; he did not require the assistance of a physician to tell him that, nor he didn't require the assistance of anybody to write down the answer, and he wrote the answer, 'No,' which was false in fact at the time, and that avoids this policy."

See *Finch* v. *Modern Woodmen of America*, 113 Mich. 646.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, HOOKER, and CARPENTER, JJ., concurred.