DETROIT TRUST CO. *v.* DOE (AGOZZINO).

SAME *v.* DOE (HOWELLS).

1. Forcible Entry and Detainer—Service of Process—Sunday—Computation of Time.

Service of summons in summary proceedings on 8th of month, returnable on the 11th *held*, valid as to time, where statute required service at least two days before day of appearance notwithstanding the 10th was excluded because it was Sunday, since the day of appearance is included (3 Comp. Laws 1929, § 14978).

2. Officers—Attack Upon Return to Service of Process—Burden of Proof.

Party attacking an officer's return has burden of overcoming the verity attaching to the unqualified official return of an officer acting under his official oath to satisfaction of court required to determine the fact.

3. Forcible Entry and Detainer—Service of Process—Tacking on Door.

In summary proceedings to recover possession of upper apartment of two-family flat, tacking copy of summons on door and informing statutory witness who accompanied process server of contents of such summons *held*, insufficient service, notwithstanding defendants apparently were evading service (3 Comp. Laws 1929, § 14978).

4. Same—Service of Process—Strangers—Occupancy.

Service of process in summary proceedings to recover possession of lower apartment of two-family flat by leaving copy of summons with person not identified as occupant thereof *held*, invalid (3 Comp. Laws 1929, § 14978).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 10, 1936. (Docket Nos. 71, 72, Calendar Nos. 38,893, 38,894.) Decided June 17, 1936.

Summary proceedings by Detroit Trust Company, a Michigan corporation, and another against John Doe—Theo. Javier (Anthony Agozzino) to recover possession of an apartment in a two-family flat. Separate summary proceedings by same plaintiffs against same defendants (Wallace Howells) to recover possession of another apartment in same building. Cases tried together. Judgments of restitution for plaintiffs. Defendants appeal. Reversed.

*Anderson, Wilcox, Lacy & Lawson,* for plaintiffs.

*M. D. Smilay,* for defendants.

BUSHNELL, J. In these two appeals from judgments for possession of real estate, but one question is involved: Was there proper service of the circuit court commissioner's summons?

The controlling statute, 3 Comp. Laws 1929, § 14978, reads in part:

"The officer to whom the summons shall be delivered shall serve the same, if returnable in not more than six days, at least two days before the time of appearance mentioned therein, by delivering to the defendant, if to be found within the county, a copy thereof, but if the defendant shall not be found, it shall be served, by leaving such copy at the usual place of abode of such defendant, in the presence of some person of suitable age, who shall be informed of its contents."

Each summons was dated March 6, 1935, and each was served on March 8th, both bearing the return date of March 11th. Sunday fell on March 10th in 1935. The rule of computation is stated in *Crozier* v. *Allen,* 117 Mich. 171. The intervening Sunday is excluded and the appearance day included, therefore service on March 8th was good as to date.

Both named John Doe—Theo. Javier as defendant. The record does not inform us further as to Theo. Javier but John Doe is somewhat familiar to the profession. In each, the process server who made proof as Charles Kellar, constable, deputy sheriff, certified that he was unable to find the within named defendant in his county and left "a copy thereof, entitled as such by me at the defendant's usual place of abode" in the one instance "with Michael Barclay, a person of suitable age and discretion, to whom I read the same and explained the contents thereof" and in the other with a Mrs. Flynn, etc.

The occupants of the two-family flat in question were in possession after the period allowed by law for the redemption thereof from mortgage sale. See 3 Comp. Laws 1929, § 14975.

The officer testified:

"I rang the doorbell, and there was a party upstairs answered, wanted to know what I wanted. I told them I was an officer of the court with a summons for them to appear in court on such and such a date, before Honorable Judge Nicol at a certain day. They said, 'We are not coming down. Just leave it down and we will get it.' I left it downstairs in the presence of Michael Barclay. There was two summons at the same address. One was for the lower, and one for the upper. * * *

"I rang the downstairs doorbell, and didn't get no response to the bell. There was a lady in the side drive. She said, 'Mrs. Flynn lives downstairs.' I says, 'Do you know if she is downstairs?' She said, 'I don't think so.' And she looked around and a lady was coming, and I asked her if she was Mrs. Flynn, and she says, 'Yes.'

"*Q.* Did you give her a copy of it?

"*A.* Yes, and I showed her an original with the seal on it."

The testimony of the constable discloses that the party speaking through a tube from upstairs said his name was Agozzino or Magazzino. Anthony Agozzino testified that he lived upstairs, denied being home at the time and that he was a party to the conversation. He did not know anybody by the name of Flynn and said Wallace Howells lived downstairs.

When asked: "Who is Mike Barclay?" the constable replied:

"A man riding with me that day when I had 20 or 25 services. I always take a witness with me."

We held in *Knopf* v. *Herta,* 212 Mich. 622, that substituted service on "Clara McGraw, who I found on premises," etc., did not comply with the requirements of the statute. The facts in that case which was an action on an alleged false return show that Clara McGraw was a "transient person who was ringing the doorbell;" a copy of the writ was not left "at the usual place of abode of the plaintiff," and defendant made no claim "that he informed the person of its contents."

In the instant cases the summons was tacked on the door in the presence of the constable's witness, who, according to the return, was informed of its contents.

The circuit judge in a colloquy with defendants' counsel, said:

"I am not arguing with you. I say I don't believe your client, but I believe Mr. Kellar. That is all there is to it. They were evading service. You cannot expect a constable to sit there from sunrise to sunset until somebody comes out to make service. That is all he could do is to tack it on the door. I think properly under the construction of the statute that you should show that it is someone from in

.the house, but on subsequent consideration of the cases, the Supreme Court decided this, that it is impossible to find someone coming in and out of that house that lives in the premises. Counsel likewise argued about abandoned premises. That is why the constables have to comply with the system. I think the whole system is silly, but nevertheless he followed the statute.

"I think service has been made in this case. You may give judgment to plaintiff in each case together with costs."

This is not a question of the falsity of the return, see *Kretzschmar* v. *Rosasco,* 250 Mich. 9, but whether the substituted service was made in conformity to the requirements of section 14978.

The language of the statute is quite broad, "by leaving a copy at the usual place of abode"—the summons was tacked upon the door—and this must be done "in the presence of some person of suitable age, who shall be informed of its contents." Any person of the proper age and properly informed? For what purpose? Was it in order that the unwilling or absent occupant might be notified of the pendency of the proceedings or merely that there might be a safeguard upon the faithful discharge of the duties imposed upon the process server or was it for both reasons?

If, as was held in the *Knopf Case, supra,* the purpose of the statute is not met by service upon a transient person who chanced to be passing by or who, like the process server himself, was merely trying to gain admittance, we fail to see how it could be satisfied by informing one who accompanied the officer for the sole purpose of later becoming a statutory witness. In the *Knopf Case* a copy of the writ was not left by the officer at the usual place of abode, while

in the case before us, defendants do not dispute the officer's testimony that he tacked a copy of the writ on the door in the presence of a witness, the tacking not being required by statute. The probability of witness Barclay communicating the contents of the summons to any of the occupants of the premises is too remote to deserve consideration. He was only used for the purpose of making a weak and technical attempt to comply with a strained construction of the language of a statute which can and should be clarified by the legislature.

"That the party attacking an officer's return has the burden of overcoming the verity which attaches to the unqualified official return of an officer acting under his official oath to the satisfaction of the court required to determine the fact, there can be no doubt." *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207.

See, also, *Gary* v. *Morley Brothers,* 234 Mich. 675, and *Argo Oil Corp.* v. *R. D. Mitchell, Inc.,* 269 Mich. 418.

We should be loath to set aside the returns of sworn officers of the law, but should not hesitate to do so when the facts are as transparent as these now before us.

It is reasonable to suppose that the framers of the act intended to safeguard defendants in event of substituted service.

Defendants apparently were evading service and are entitled to scant consideration, but courts are also concerned with a reasonable and sensible construction of the language of statutes.

We are unwilling to place our judicial stamp of approval upon the method of serving process, even in the larger communities, as is disclosed by this

record. It is entirely unlikely that the information imparted by the officer to his companion would ever reach defendants nor does the method employed even contemplate that it should.

The record offers no explanation of the identity of Mrs. Flynn upon whom substituted service was made. Neither defendants' counsel nor Agozzino, the occupant of the upper flat, knew such a person; on the contrary, Wallace Howells is claimed to be the occupant of the lower flat. Plaintiff does not dispute this in any way.

The situation presented is somewhat like that in the *Knopf Case, supra.* We there said, p. 629:

"The plaintiff and his wife both testified that they never knew such a person as Clara McGraw. That evidence is undisputed. Defendant does not claim to have known her. It cannot be said that a service upon such a person is a compliance with the statute."

Nor is the service in either case here a compliance with the statute. Despite the evasion of defendants and the unsatisfactory nature of the record, the service of process in this manner cannot be upheld.

The judgment of restitution in each case is vacated, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.