DETROIT TRUST CO. *v.* AGOZZINIO.

SAME *v.* CHERRY.

1. STATUTES—FORECLOSURE OF MORTGAGE BY ADVERTISEMENT.
   Statute setting forth manner, time and place for holding sale under foreclosure by advertisement *held*, clear, unambiguous and not in need of interpretation or clarification (3 Comp. Laws 1929, § 14429).

2. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—RECORD.
   In summary proceeding by purchaser at sale under foreclosure of mortgage by advertisement, record *held*, to fail to indicate that plaintiff, who was also the mortgagee, had failed to observe any statutory requirements (3 Comp. Laws 1929, §§ 14425–14445, as amended).

3. AUCTIONS AND AUCTIONEERS — OPPORTUNITY FOR COMPETITION AMONG BIDDERS.
   It is the essence of an auction that there shall be full and free opportunity for competition among bidders.

4. SAME—AGREEMENTS TO STIFLE BIDDING—PUBLIC POLICY.
   Agreements to stifle competitive bidding are generally, but not always, contrary to public policy.

5. MORTGAGES—SALE UNDER FORECLOSURE BY ADVERTISEMENT—SETTING ASIDE.
   When property is exposed for sale under foreclosure by advertisement of mortgage containing a power of sale, and offered to the highest bidder, and the sale is without fraud and is fairly conducted, after proper notice and struck off to such bidder, it will require a strong case and some peculiar exigency to warrant a court in setting it aside (3 Comp. Laws 1929, §§ 14425–14445, as amended).

6. SAME—STATUTORY FORECLOSURES SHOULD NOT BE LIGHTLY SET ASIDE.
   Statutory foreclosures should not be set aside without some very good reasons therefor.

7. SAME—MORTGAGEE AS THE ONLY BIDDER.

Fact that there were no bidders other than mortgagee at sale under foreclosure by advertisement of mortgage containing power of sale *held*, not to render such sale void (3 Comp. Laws 1929, §§ 14425–14445, as amended).

8. COSTS—VEXATIOUS APPEALS.

Plaintiff in summary proceedings to obtain possession of land purchased at sale under foreclosure of mortgage by advertisement is awarded $100, besides costs, as additional fee for vexatious appeals where instant appeal is frivolous and was taken only for the purpose of delay and mortgagor had appealed once before in foreclosure proceeding.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 20, 1937. (Docket Nos. 142, 143, Calendar Nos. 39,434, 39,435.) Decided June 7, 1937.

Separate summary proceedings by the Detroit Trust Company, as surviving executor of the will of Mary Hinchman, deceased, against Anthony Agozzinio and Frank Cherry for the possession of land and a writ of restitution. From judgments for plaintiff by circuit court commissioner, defendants appealed to circuit court. Consolidated for trial and appeal. Judgments for plaintiff. Defendants appeal. Affirmed.

*Anderson, Wilcox, Lacy & Lawson,* for plaintiff.

*M. D. Smilay,* for defendants.

BUSHNELL, J. This cause has already been here on appeal on the question of the validity of service of summons. See *Detroit Trust Co.* v. *Doe (Agozzinio),* 276 Mich. 507. The question now involved is: ''Where, in foreclosure of mortgages by advertisement, the statute (3 Comp. Laws 1929, § 14429) provides that the sale shall be at public vendue to the

highest bidder, is it a compliance with the statute where sale is struck off on one bid to a representative of the mortgagee without competition?''

The trial judge said:

''It appears in the mortgage advertisement that the sale was specified at a certain date and time and in a certain place. I recognize the fact that a public auction sale cannot always be adjourned to some other date; and on the other hand, I realize that there is no rule of law that requires any such course of action. An auction sale to be valid, is not dependent upon the number of bidders present, but on whether or not any bids are offered. If any bid is offered, it may be either accepted or rejected on the terms of the sale. If only one bid is offered, and that bid is thought proper and accepted, the sale is just as valid and binding as if there were 100 bids, ranging greatly in price.

''I am constrained to hold that in this case the sale of the property was properly held; and in view of those two holdings, then I further am constrained to hold that judgment must be entered for plaintiff in the two cases before the court and that the plaintiff is entitled to a writ of restitution.''

Appellants ask that the judgments of restitution be set aside and that the mortgage sale be declared invalid. They say in their brief:

''We have been unable after diligent search to find any interpretation of this statute as laid down by the court. We believe it is high time this matter is clarified. Day by day so-called 'sales at public vendue' in mortgage foreclosure cases are held in this county, which are nothing more than private sales in the guise of public auctions at the fixed price, *viz.*, the sum due the mortgagee, and are invariably sold to the mortgagor or his representative on the first bid. A stop should be put to this farce so that own-

ers of mortgaged property may have at least a gambler's chance to realize something on their investment."

The cited statute, section 14429, reads:

"The sale shall be at public vendue, between the hour of nine o'clock in the forenoon and the setting of the sun, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, under sheriff, or a deputy sheriff of the county, to the highest bidder."

The terms of the statute are clear and unambiguous, and do not require either interpretation or clarification. There is nothing in the record before us to indicate that plaintiff failed to observe any of the statutory requirements of the foreclosure of its mortgage by advertisement (3 Comp Laws 1929, §§ 14425–14445, inclusive as amended).

Defendants might have bid at the foreclosure sale if they had desired to do so.

"It is the essence of an auction that there shall be full and free opportunity for competition among bidders." *Manhattan Taxi Service Corp.* v. *Checker Cab Manfg. Corp.,* 253 N. Y. 455 (171 N. E. 705, 69 A. L. R. 1190).

The record does not show any stifling of bidding. See 2 R. C. L. p. 1131. Such agreements to stifle competitive bidding are generally contrary to public policy but not always. See *Leland* v. *Ford,* 245 Mich. 599, 614.

"When property is exposed for sale under a judicial decree, and offered to the highest bidder, and the sale is without fraud, and is fairly conducted, after proper notice, and is struck off to a third person, it

will require a strong case, and some peculiar exigency, to warrant a court in setting it aside." *Page v. Kress*, 80 Mich. 85, 89 (20 Am. St. Rep. 504).

This reasoning is also applicable to a foreclosure by advertisement of a mortgage containing a power of sale.

"Statutory foreclosures should not be set aside without some very good reasons therefor." *Markoff v. Tournier* (syllabus), 229 Mich. 571.

See, also, *Moss v. Keary*, 231 Mich. 295.

"If no one but the owner of the note bids at a sale, his offer in the sense of the term as used in the trust deed is the 'highest and best bid.' Where the trust deed provides that the trustee must sell for the highest and best price, this does not mean that no sale is legal unless there are three or more bids. If only one *bona fide* bid is made, it is in the language of the instrument, 'the highest and best bid.' " 3 Jones on Mortgages, (8th Ed.), § 2406, citing *Lathrop v. Tracy*, 24 Col. 382 (51 Pac. 486, 65 Am. St. Rep. 229).

The foreclosure of mortgages on real estate by advertisement and sale has been in use in this State for almost 100 years and is well understood. The absence of any cited authority in support of defendants' contentions, and the statement heretofore quoted from appellants' brief indicates that the appeal is frivolous and was taken only for the purpose of delay.

The judgments of restitution are affirmed, with costs to appellee, who shall have $100 as an additional fee for vexatious appeals. See *Carver v. Detroit & Saline Plank-Road Co.*, 126 Mich. 458, and *Heath v. Gloster*, 256 Mich. 291.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.