BASS *v.* FEDERAL LAND BANK OF ST. PAUL, MINNESOTA.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—STATUTES.
   Statute governing foreclosure by advertisement is read into every mortgage and becomes part of contract (3 Comp. Laws 1929, § 14425 *et seq.*).

2. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE—PLACE OF SALE.
   Under provisions of long-standing statute specifying contents of notice which must be given of sale of premises under foreclosure by advertisement which does not expressly require that

Interpretation of contracts relating to security, see Restatement, Security, § 88.

place of sale be stated with any particularity, notice stating that sale would be held at the front door of the courthouse was not in violation of statute for failure to indicate whether the east or north front door was intended (3 Comp. Laws 1929, § 14428).

3. SAME—FORECLOSURE BY ADVERTISEMENT—STATUTES—CONTENTS OF NOTICE OF SALE.

A court may not add to the requirements óf a statute setting forth the contents of a notice which must be given as to sale under foreclosure proceedings by advertisement and hold the notice void for not asserting .or containing what the statute does not require (3 Comp. Laws 1929, § 14428).

4. SAME—FORECLOSURE BY ADVERTISEMENT—CONSTRUCTION OF STATUTES.

Provisions of statute relative to foreclosure of mortgages by advertisement, being a part of the contract, must be construed reasonably (3 Comp. Laws 1929, § 14428).

5. CONTRACTS—POWER OF SALE—CONSTRUCTION OF CONTRACTS.

In the absence of statutes the courts do not apply technical rules of construction to the exercise of provisions of contracts conferring upon the holder of security a power of sale thereof, where such rules would impair the security of purchasers.

6. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—DESCRIPTION OF PLACE OF SALE.

Notice of sale of mortgaged premises under foreclosure by advertisement stating that premises would be sold at courthouse in the county seat of the county in which the premises were located sufficiently described the place of sale (3 Comp. Laws 1929, § 14428).

7. SAME—SETTING ASIDE SHERIFF'S DEED—EQUITY.

Bill, filed day before period of redemption expired, to set aside sheriff's deed because notice of sale of premises foreclosed by advertisement failed to designate at which of two doors of courthouse sale would be held was frivolous and set up no ground for equitable relief where no claim is made that anyone was actually misled, sale was held open for an hour, and plaintiff does not claim lack of notice or injury (3 Comp. Laws 1929, § 14428; § 14435, as amended by Act No. 62, Pub. Acts 1937).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 7, 1942. (Docket No. 37, Calendar No. 41,843.) Decided February 11, 1942.

Bill by Ruth Bass against Federal Land Bank of St. Paul, Minnesota, to cancel sheriff's deed pursuant to foreclosure. Bill dismissed. Plaintiff appeals. Affirmed.

*Robert D. Heitsch,* for plaintiff.

*Farley & Elliott (John Thorpe, Robert J. Barry,* and *Harold W. Lee,* of counsel), for defendant.

Boyles, J. Plaintiff appeals from an order granting a motion to dismiss a bill of complaint on the ground that it failed to set up grounds for equitable relief. The bill was filed to obtain cancellation of a sheriff's deed following the usual statutory proceedings for foreclosure of a mortgage and alleged that a sheriff's sale in pursuance of said proceedings was void on the ground that the notice of sale failed to designate the place where the sale would be held; that the notice stated the sale would be held at the *front* door of the courthouse in Pontiac, Michigan, without specifying whether the easterly or northerly door was intended; that these two doors are identical in appearance and construction and there is nothing to indicate which of said doors is the front door of the courthouse. The sole question before us is whether the failure to state, in the notice of sale, which door of the courthouse was meant constitutes ground for setting aside the sheriff's deed.

"The statute governing foreclosure by advertisement is read into every mortgage and becomes a part of the contract. *Naylor* v. *Minock,* 96 Mich. 182 (35 Am. St. Rep. 595)." *Oades* v. *Savings & Loan Assn.,* 257 Mich. 469.

The notice did not violate any express statutory requirement. 3 Comp. Laws 1929, § 14428 (Stat.

Ann. § 27.1224), specifies what the notice must contain and does not in express terms require the place of sale to be stated with any particularity. This statute has remained unaltered since its enactment as a part of the Revised Statutes of 1846, chap. 130, § 4; 2 Comp. Laws 1857, § 5180; 2 Comp. Laws 1871, § 6915; 3 Comp. Laws 1897, § 11136; 3 Comp. Laws 1915, § 14952. In a case arising under this same statute, this court, in *Lee* v. *Clary,* 38 Mich. 223, said:

"We cannot add to the requirements of the statute and hold a notice void for not asserting or containing what that does not require. In the absence of any statute the power of sale was enforced upon such terms as the contract itself provided.     *     *     *     .

"It seems to be imagined that statutory foreclosures are to be treated as subject to the same rigorous rules that apply to proceedings *in invitum* contrary to the course of the common law, and that intendments are to be made against them. No doubt every statutory requirement must be adhered to; but these are sales by contract, where the proceeding is authorized by the mortgagor himself to save the expense and trouble of proceedings in equity. Such titles would be worthless if any unreasonable restrictions were laid on them, and the mortgagor would in most cases find it difficult to obtain money on fair terms without some assurance that the enforcement of the security would not be troublesome. No substantial right should be destroyed and no statutory requirement can be overlooked. But all provisions must be reasonably construed."

In *Reading* v. *Waterman,* 46 Mich. 107, referring to *Lee* v. *Clary, supra,* with approval, we said:

"Authorities are cited and arguments made on this matter, which relate to proceedings which are

had of a hostile character and *ex parte,* where it is commonly held that such action contrary to the usual course of law, and against persons who have not the common-law benefits of self-protection, should be held invalid, unless conforming strictly to statutory authority.

"We held in *Lee* v. *Clary,* 38 Mich. 223, that statutory foreclosures did not come in all respects within the same mischief. The statutes regulating them are made to enlarge and not to cut down the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts in the absence of statutes have never applied to such powers any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as a hostile process.

"The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. But on the other hand those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and while no substantial right should be disregarded, substantial regularity is all that should be held imperative."

In *McCammon* v. *Railroad Co.,* 103 Mich. 104, the objection to the sheriff's deed was that the notice of sale did not state at what particular place the sale would be made, and this court held:

"The notice of sale stated that it would take place at the courthouse in the village of Mason, Ingham county. This description of the place was sufficient. The notice contained all the requirements of the statute. 2 Comp. Laws 1871, § 6915."

We agree that the bill of complaint sets up no ground for equitable relief. It makes no claim that anyone was actually misled, the sale was held open one hour, and plaintiff claims no lack of notice, or injury. It cannot be gainsaid that a notice of sale to be held at the front door of a courthouse states the place with more particularity than merely designating "the courthouse," where prospective bidders might have to look for the sale anywhere within the entire building.

It is significant that this bill of complaint was filed June 9, 1941, the day before plaintiff's right of redemption would have expired (3 Comp. Laws 1929, § 14435, as amended by Act No. 62, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14435, Stat. Ann. 1940 Cum. Supp. § 27.1231]). The conclusion reached by Mr. Justice BUSHNELL in *Detroit Trust Co.* v. *Agozzinio,* 280 Mich. 402, may well be said to apply to the case at bar:

"The foreclosure of mortgages on real estate by advertisement and sale has been in use in this State for almost 100 years and is well understood. The absence of any cited authority in support of defendants' contentions and the statement heretofore quoted from appellants' brief indicates that the appeal is frivolous and was taken only for the purpose of delay."

A decree may be entered in accordance herewith, with costs to appellee.

CHANDLER, C, J., and NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.